6TH JUDICIAL DISTRICT
LUNA COUNTY NM
FILED IN MY OFFICE
12/6/2022 2:41 PM
MARGARITA GOMEZ
DISTRICT COURT CLERK
Angela Rodriguez

SIXTH JUDICIAL DISTRICT
COUNTY OF LUNA
STATE OF NEW MEXICO

TANNER BOOKER

    Plaintiffs,

v.                                                                  Cause No. D-619-CV-2022-00280

P.A.M TRANSPORT, INC.,                          Hofacket, Jarod K.
P.A.M. TRANSPORTATION SERVICES, INC.,
P.A.M. CARTAGE CARRIERS, LLC
AND IAN MURIUKI MWANGI

    Defendants.

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Tanner Booker submits Plaintiff's Original Complaint against Defendants P.A.M. Transport, Inc., and Ian Muriuki Mwangi and states the following:

### PARTIES

1. Plaintiff Tanner Booker is an individual and resident of Arlington, Texas

2. Defendant P.A.M Transport, Inc. is foreign for-profit corporation registered to do business in Arkansas. Defendant P.A.M Transport, Inc. may be served with process by serving its registered agent Angela R. Clark at Highway 412 West, Tontitown, Arkansas 72770.

3. Defendant P.A.M. Transportation Services, Inc. is a publicly traded for-profit Delaware corporation with its principal place of business in Tontitown Arkansas. Defendant P.A.M. Transportation Services, Inc. is the parent company of Defendant P.A.M. Transport, Inc, and may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. Defendant P.A.M. Cartage Carriers, LLC is a for-profit limited liability company organized under the laws of the State of Ohio with its principal place of business in Tontitown,

1

EXHIBIT 1

Arkansas, and may be served with process by serving its registered agent Randy Englehart at 1450 North Bailey Road, North Jackson, Ohio 44451.

5. Defendants P.A.M. Transportation Services, Inc., P.A.M. Transport, Inc., and P.A.M. Cartage Carriers, LLC (collectively "P.A.M. Defendants") are related and integrated business entities involved in a joint venture, joint enterprise, or general partnership. They share principal corporate offices at 297 W. Henri de Tonti Blvd., Tontitown, Arkansas 72770, and they have common ownership, interrelated operations, and overlapping management.

6. Defendant Ian Muriuki Mwangi is an individual and resident of Georgia. He may be served with process at his residence located at 55 Middlebrook Dr., Cartersville, Georgia 30210, or wherever he may be found.

## JURISDICTION AND VENUE

7. Venue is proper in Luna County, New Mexico because it is the county where the incident giving rise to this lawsuit occurred. NMSA § 38-3-1.

8. Defendant P.A.M. Transport, Inc. is a national freight transportation and management company that has a fleet of over 2,000 tractors and 6,000 trailers and has 2,400 drivers.

9. P.A.M. Transport, Inc. provides "nationwide dry van truckload, expedited truckload, intermodal, and logistics services to the manufacturing, retail, and automotive industries", per its website.

10. Defendant P.A.M. Transport, Inc. is an interstate operator whose business operations stretch into New Mexico.

11. Defendants routinely enter New Mexico to conduct business, using the state's highways and infrastructure.

12. Defendants routinely deliver shipments of freight to receivers in New Mexico.

13. Defendants are subject to New Mexico's fuel taxes.

14. Defendants are also subject to New Mexico weight and distance taxes.

15. Defendants purchase fuel and other goods while in New Mexico.

16. This Court has personal jurisdiction over Defendants because the causes of action in this complaint arise out of the operation of a motor vehicle upon the highways of this state and the commission of tortious acts within this state. NMSA § 38-1-16(A)(2), (3).

## STATEMENT OF FACTS

17. On February 10, 2022, Plaintiff parked his truck and trailer at a Petro truck stop off the I-10 Frontage Road outside of Deming, Luna County, New Mexico.

18. Plaintiff had stopped to rest for the night.

19. In the early hours of the morning, Plaintiff was jolted awake and tossed about when he felt his trailer struck by something.

20. An 18-wheeler operated by Defendant Mwangi struck Plaintiff's trailer.

21. Defendant Mwangi was driving a truck owned by Defendant P.A.M. Transport, Inc.

22. Freight trucks are complex vehicles that require specialized training and skills unlike the average non-commercial vehicle.

23. Trucking companies have a duty to only permit competent, qualified, and safe drivers to operate their vehicles.

24. Trucking companies have a duty to properly train, supervise, and retain competent, qualified, and safe drivers to protect the general public.

25. At a minimum, trucking companies must:

    a. Have in place appropriate policies, procedures, and systems requiring safe driving

      and safe training practices;

    b. Train drivers and other employees on those policies;

    c. Enforce those policies; and

    d. Monitor driver behavior to ensure compliance with those policies.

26. Professional truck drivers are subject to an elevated standard of care due to the nature of the vehicles they drive.

27. Defendant Mwangi represented to Plaintiff that he had gone into the store to make some purchases without setting his parking brake.

28. Defendant Mwangi exchanged information with Plaintiff but left before police arrived.

29. As a result of the collision, Plaintiff suffered injuries and damages.

30. P.A.M. Defendants are owned and operated by related individuals and entities for a common business purpose; transportation of freight for P.A.M. customers and generations of profits for the shareholders of P.A.M. Transportation Services, Inc.

31. P.A.M. Cartage Carriers, LLC is the division of P.A.M. Defendants' enterprise that focuses on contracting with:

    a. "Owner operators," *i.e.*, drivers who own their own semi-tractors; and

    b. "Lease purchase drivers," *i.e.*, the drivers who do not own their trucks but lease them from P.A.M. Defendants with the goal of purchasing them through lease payments and becoming owner-operators.

32. P.A.M. Cartage Carriers, LLC is the statutory employer of any drivers driving under its motor carrier authority.

33. The individuals who oversee the operations of P.A.M. Cartage Carriers, including

drivers and safety directors, are employees of P.A.M. Transport, Inc. and/or P.A.M. Transportation Services, Inc.

34. Through their employees and agents, P.A.M. Transport, Inc. and/or P.A.M. Transportation Services, Inc. exercise extensive control over the operations of P.A.M. Cartage Carriers and extensive control over the drivers who drive under the motor carrier authority of P.A.M. Cartage Carriers, LLC.

35. P.A.M. Transport, Inc. provides all of what it considers to be administrative functions for P.A.M. Cartage Carriers, LLC, which include, but are not limited to, paying the drivers on a weekly basis and billing for the loads hauled.

36. On January 1, 2010, the operations of most of P.A.M. Transportation Services' operating subsidiaries were consolidated under the P.A.M. Transport, Inc. name.

37. P.A.M. Defendants are all headquartered and maintain their primary terminal, maintenance facilities, and corporate administrative offices at a single location in Tontitown, Arkansas.

38. All profits generated by P.A.M. Cartage Carriers benefit P.A.M. Transport, Inc. and P.A.M Transportation Services, Inc.

39. As a result of P.A.M. Defendants' business operations, each are jointly and severally liable for Plaintiff's injuries and damages.

**COUNT I: NEGLIGENCE AGAINST ALL DEFENDANTS**

40. Plaintiff restates all allegations above as if fully restated herein.

41. Defendant Mwangi owed Plaintiff a duty to operate his vehicle in a safe and prudent manner to avoid injuries and damages to others.

42. Defendants owed Plaintiff a duty to ensure that Defendant Mwangi would operate his vehicle in compliance with the laws of New Mexico and the Federal Motor Vehicle Safety Standards and Regulations.

43. New Mexico law on operation of commercial vehicles require drivers to use their parking brakes.

44. Defendants breached their duties by, including, but not limited to Defendant Mwangi's:

   a. Failing to properly park the P.A.M vehicle;

   b. Failing to apply the P.A.M. vehicle's brakes;

   c. Leaving the P.A.M. vehicle unattended without applying the parking brakes;

   d. Otherwise failing to operate his vehicle in a reasonably prudent manner.

45. Defendants' actions were wanton, willful, reckless, and grossly negligent.

46. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe bodily injury and damages.

47. Defendant Mwangi was acting as an agent for P.A.M. Defendants, which are vicariously liable for Defendant Mwangi's negligence and gross negligence.

48. Defendants Mwangi and P.A.M. Defendants are jointly and severally liable for Plaintiff's injuries and damages.

### COUNT II: *RESPONDEAT SUPERIOR*

49. Plaintiff restates all allegations stated above as if fully stated herein.

50. At the time of the collision, Defendant Mwangi was an agent or employee of P.A.M. Defendants.

51. At the time of the collision, Defendant Mwangi was acting with the course and scope of his agency or employment with P.A.M. Defendants

52. Therefore, P.A.M. Defendants are vicariously liable for Defendant Mwangi's negligence and gross negligence under the doctrine of *respondeat superior*.

### COUNT III: NEGLIGENT ENTRUSTMENT

53. Plaintiff restates all allegations stated above as if fully stated herein.

54. At the time of the collision, Defendant Mwangi was operating an eighteen-wheeler owned by Defendant P.A.M. Transport, Inc. with the knowledge, permission, and consent of Defendant P.A.M. Transport, Inc.

55. Defendant P.A.M. Transport, Inc. entrusted the vehicle to Defendant Mwangi.

56. Defendant P.A.M. Transport, Inc. knew or should have known that Defendant Mwangi was a negligent or incompetent driver.

57. Defendant Mwangi's negligent driving or incompetence caused Plaintiff's injuries and damages.

58. As a result, Defendant P.A.M. Transport, Inc. is liable to Plaintiff for his injuries and damages.

59. Defendant P.A.M. Transport, Inc.'s conduct was wanton, willful, reckless, and grossly negligent.

60. P.A.M. Defendants are jointly and severally liable based on their business relationships.

### COUNT IV: NEGLIGENT HIRING, SUPERVISION, RETENTION, AND TRAINING

61. Plaintiff restates all allegations stated above as if fully stated herein.

62. Upon information and belief and based on the circumstances of the collision, P.A.M. Defendants were negligent in hiring, training, supervising, and/or retaining Defendant Mwangi when a reasonable company would have determined that he was an unfit employee.

63. P.A.M. Defendants had an obligation to properly train and supervise Defendant Mwangi but failed to do so.

64. A properly trained driver would not violate the Federal Motor Carrier Safety Regulations and the New Mexico Commercial Driver Manual by leaving a commercial vehicle parked without engaging a parking brake.

65. Defendant Mwangi's negligent driving caused Plaintiff's injuries and damages.

66. P.A.M. Defendants were negligent in their hiring, supervision, retention, and training of Defendant Mwangi.

67. P.A.M. Defendants' conduct was wanton, willful, reckless, and grossly negligent.

68. As a result, P.A.M. Defendants are liable to Plaintiff for his injuries and damages.

### COUNT V: PUNITIVE DAMAGES

69. Plaintiff restates all allegations stated above as if fully stated herein.

70. Despite a history of other crashes, including a fatal one in New Mexico less than two weeks before this crash, the P.A.M. Defendants continued their reckless practices endangering New Mexico drivers.

71. Defendants' collective acts and omissions were willful, reckless, grossly negligent, and wanton, and resulted in injuries and damages to Plaintiff.

72. Defendants are liable to Plaintiff for Defendant Mwangi's willful, reckless, and wanton conduct.

73. Defendant Mwangi was acting within the scope of his agency or employment with P.A.M. Defendants.; therefore, P.A.M. Defendants are liable for Defendant Mwangi's gross negligence.

74. Upon information and belief, P.A.M. Defendants authorized, participated in and ratified the conduct of Defendant Mwangi.

75. P.A.M. Defendants acts and omissions were willful, reckless grossly negligent, and wanton, and resulted in injuries and damages to Plaintiff.

76. P.A.M. Defendants are liable to Plaintiff for their gross negligence.

77. Defendants' conduct entitles Plaintiff to recover punitive damages against them.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff asks that Defendants be cited to appear and answer, and, on final trial, that Plaintiff have judgment against Defendants for the following:

    a. general damages, including but not limited,

        i. Pain and suffering;

        ii. Loss of enjoyment of life;

        iii. Lost income;

        iv. Lost earning capacity

        v. Past and future medical expenses;

        vi. Future medical care; and

        vii. Other appropriate economic and pecuniary damages.

    b. punitive damages;

    c. interest as provided by law;

    d. attorney's fees and expert fees;

e.  court costs and all costs of suit;

f.  special damages; and

g.  such other and further relief to which Plaintiffs may be justly entitled to at law or in equity.

Respectfully Submitted,

By: /s/ Deena L. Buchanan
**Deena L. Buchanan**
**Charles "Will" Aldrete**
Buchanan Law Firm, LLC
5345 Wyoming Blvd. NE, Suite 202
Albuquerque, NM 87109
Tel: 505-900-3559
Fax: 505-933-7551
deena@dbuchananlaw.com
will@dbuchannalaw.com
*Attorneys for Plaintiff*