IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TANNER BOOKER,

    Plaintiff,

v.                                                                No. 2:23-cv-18 WJ/KRS

P.A.M. TRANSPORT INC.,
P.A.M. CARTAGE CARRIERS, LLC, and
IAN MURIUKI MWANGI,

    Defendants.

## ORDER GRANTING IN PART MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel Production of Insurance Policies Pursuant to Rule 26(a)(1)(A)(iv), filed June 6, 2023. (Doc. 47). Defendants filed a response to the Motion to Compel on June 20, 2023, and Plaintiff filed a reply on July 5, 2023. (Docs. 55, 62). Having considered the parties' briefing, the record of the case, and relevant law, the Court grants in part the Motion to Compel.

Plaintiff brings claims against Defendants stemming from injuries sustained in an accident in a parking lot. (Doc. 1-1). Defendant P.A.M. Cartage Carriers, LLC removed the case from the Sixth Judicial District Court, County of Luna to this Court, asserting diversity jurisdiction. (Doc. 1). Plaintiff moves to compel Defendants to produce insurance documents to complete their initial disclosures as required by Fed. R. Civ. P. 26(a)(1)(A)(iv). Plaintiff states that in Defendants' initial disclosures, they provided only the declaration page for one policy issued to P.A.M. Transport, Inc., and stated they would provide the full policy "under separate cover." (Doc. 47) at 1; (Doc. 47-1). Defendants later produced four redacted Commercial Auto Liability Declaration Pages for P.A.M. Transport, Inc., but Plaintiffs argue they failed to produce

any primary policies for P.A.M. Cartage Carriers, LLC or any policies for Defendant Mwangi. (Doc. 47) at 2; (Doc. 47-3, 47-4).

In response, Defendants state they have produced a copy of an insurance policy issued to P.A.M. Transport, Inc., which was effective at the time of the incident, provides $1,000,000 liability limit, and lists P.A.M. Cartage Carriers, LLC as an "Additional Named Insured." (Doc. 55) at 1-2. Defendants also "alerted Plaintiff to the fact that they have a self-insurance excess structure available for exposures over $1 million." *Id.* at 2. Defendants argue the self-insurance structure falls outside the scope of Fed. R. Civ. P. 26(a)(1)(A)(iv). *Id.* They further assert that Defendant Mwangi is not required to produce a personal automobile insurance policy because there is no dispute he was acting the course and scope of his employment. *Id.* at 3. Defendants state that P.A.M. Cartage Carriers, LLC is not required to produce its own insurance policy because P.A.M. Transport, Inc.'s policy lists P.A.M. Cartage Carriers, LLC as an "Additional Named Insured." Therefore, Defendants contend they have complied with the requirements of Rule 26 regarding initial disclosures and Plaintiff has failed to request production of the excess structure under Rule 34 and any additional insurance information is not proportional to the needs of this case. *Id.* at 3-4.

In its reply, Plaintiff maintains that Defendants are required to produce all insurance policies that may be used to satisfy all or part of a possible judgment. (Doc. 62). Plaintiff contends that Defendants failed to provide support for excluding the excess structure or additional insurance policies held by P.A.M. Cartage Carriers, LLC and Defendant Mwangi in their initial disclosures. *Id.* at 1-4.

Pursuant to Rule 26(a)(1)(A)(iv), a party must provide in its initial disclosures "any insurance agreement under which an insurance business may be liable to satisfy all or part of a

2

possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Parties must produce all policies under which they may be liable to satisfy a possible judgment, even if they dispute liability under the policies. *See* Fed. R. Civ. P. 26, Advisory Commentary ("Disclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation. . . . Thus, an insurance company must disclose even when it contests liability under the policy, and such disclosure does not constitute a waiver of its claim.").

Accordingly, Defendants are required to produce all insurance policies under which an insurance business may be liable to satisfy all or part of a possible judgment, even if they dispute liability under the policies. This includes P.A.M. Cartage Carrier, LLC's and Defendant Mwangi's insurance policies because they may be used to satisfy a judgment or to indemnify or reimburse for payments made. Defendants' assertions that Defendant Mwangi was acting in the scope of his employment, P.A.M. Cartage Carriers, LLC is listed as an "Additional Named Insured" on P.A.M. Transport, Inc's policy, and that they have produced a policy that provides $1 million in liability limits, do not relieve them of their obligation under Rule 26 to produce all relevant insurance policies in their initial disclosures.

Defendants are correct, however, that the self-insurance excess structure is outside the scope of Rule 26(a)(1)(A)(iv) because the Rule requires disclosure of "any insurance agreement under which *an insurance business* may be liable." Fed. R. Civ. P. 26(a)(1)(A)(iv) (emphasis added); *see also* Advisory Committee Note ("[T]he provision does not cover the business concern that creates a reserve fund for purposes of self-insurance."). Therefore, Defendant's self-insurance structure is not subject to automatic disclosure under Rule 26(a)(1)(A)(iv). *See*

*Reynolds v. Addis*, 2019 WL 8106142, at *6 (E.D. Mich.) (holding that self-insurance documentation was not subject to automatic disclosure under Rule 26(a)(1)(A)(iv)); *N.T. by & through Nelson v. Children's Hosp. Med. Ctr.*, 2017 WL 5953432, at *3 (S.D. Ohio) ("Because self-insurance policies are different from policies under which an 'insurance business' may be liable, the rule is clear that information relating to self-insurance is not automatically discoverable under Fed. R. Civ. P. 26(a)(1)(A)(iv).").

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel, (Doc. 47), is GRANTED IN PART.  Defendants shall produce any insurance policies that fall under Rule 26(a)(1)(A)(iv) **by July 28, 2023**.  Because the Court grants the Motion to Compel in part, it declines to grant Plaintiff's request for attorney's fees and costs under Fed. R. Civ. P. 37.

IT IS SO ORDERED.

                                                                                                                                    KEVIN R. SWEAZEA
                                                                                                                                    UNITED STATES MAGISTRATE JUDGE