# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TANNER BOOKER,

     Plaintiff,

v.                                                  No. 2:23-cv-18 WJ/KRS

P.A.M. TRANSPORT INC., and
IAN MURIUKI MWANGI,

     Defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL (Doc. 69)

THIS MATTER is before the Court on Defendant P.A.M. Transport, Inc.'s Motion to Compel Plaintiff's SSN, Statements Against Interest, Medical Providers, and Verification, filed July 12, 2023.  (Doc. 69).[1]  Plaintiff filed a response to the Motion to Compel on July 25, 2023, and Defendant filed a reply on August 8, 2023.  (Docs. 80, 90).  Having considered the parties' briefing, the record of the case, and relevant law, the Court grants the Motion to Compel.

## I.     Background

Plaintiff brings claims against Defendants stemming from injuries sustained in an accident.  (Doc. 1-1).  Plaintiff is a commercial driver and was parked at the Petro Truckstop in Deming, New Mexico when a P.A.M. Transport, Inc. tractor-trailer rolled into Plaintiff's trailer. *Id.* at 3.  Plaintiff alleges that the driver of the tractor-trailer, Defendant Mwangi, failed to set his parking brake, and that Plaintiff has suffered personal injuries and lost income.  *Id.* at 4.

---

[1] The Motion to Compel was originally filed by Defendant P.A.M. Cartage Carriers, LLC, which has since been dismissed from this case.  *See* (Docs. 99, 114).  Thereafter, on September 3, 2023, Defendant P.A.M. Transport, Inc. filed a Notice of Joinder in the Motion to Compel, adopting all arguments and authorities in Document 69.  (Doc. 122).  Accordingly, the Court considers the Motion to Compel, (Doc. 69), as to Defendant P.A.M. Transport, Inc.

In the Motion to Compel, Defendant P.A.M. Transport, Inc. ("Defendant") seeks: (1) Plaintiff's social security number; (2) a list of Plaintiff's medical providers for the five years preceding the incident; (3) any admissions or statements made by any Defendant in connection with the circumstances alleged in the Complaint; and (4) a notarized verification from Plaintiff stating the answers he provided in his interrogatories are true.  (Doc. 69) at 3-4.  Defendant further asks the Court to award Defendant's fees incurred in filing the Motion to Compel.  *Id.* at 6.

Plaintiff responds that Plaintiff's counsel provided Defendant's counsel with Plaintiff's full social security number via telephone on July 14, 2023, and that Plaintiff provided Defendant all the requested information in supplemental discovery responses on July 13, 2023.  (Doc. 80) at 2-3.  Plaintiff contends he is not required to produce a notarized verification for his discovery answers.  *Id.* at 4.

In reply, Defendant states that Plaintiff's supplemental responses "did correct some deficiencies described in Defendant's Motion to Compel," but "did not resolve all outstanding issues."  (Doc. 89) at 1.  Specifically, Defendant states that Plaintiff's counsel gave Defendant's counsel an incorrect social security number over the phone, and it is unclear whether Plaintiff has produced a complete list of medical providers.  *Id.* at 1-4.  Defendant maintains that Plaintiff is required to provide a notarized verification of his interrogatory answers.  *Id.* at 4-5.

## II.    Interrogatory No. 1

First, Plaintiff improperly responded to Defendant's Interrogatory No. 1, which requested Plaintiff's social security number, by calling Defendant's counsel to provide the number over the phone.  Rule 33(b)(3) states: "Each interrogatory must, to the extent it is not objected to, be

2

answered separately and fully in writing under oath." Therefore, the Court grants Defendant's Motion to Compel as to Interrogatory No. 1 and Plaintiff must provide his social security number to Defendant in writing.

### III.    Interrogatory No. 15

Next, Defendant moves to compel Plaintiff to provide a complete response to Interrogatory No. 15, which seeks a list of Plaintiff's medical providers for the five years preceding the incident. Plaintiff initially objected to the interrogatory, stating it is vague, overly broad, irrelevant, burdensome, and harassing. (Doc. 80-1) at 3. In Plaintiff's supplemental response, he states that he was seen by one doctor during that five-year time period. *Id.* Defendant argues that it is not clear whether Plaintiff has withheld information regarding other providers because his supplemental response is subject to his previously-asserted objections. (Doc. 89) at 3-4.

In cases in which the physical or mental medical condition of a party is an issue, the Court's Local Rules require parties to produce in initial disclosures: "(1) a list of the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals which have treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings and continuing through the current date," and "(2) all records of such healthcare providers which are already in that party's possession, which will be made available for inspection and copying by all other parties to the action." D.N.M. LR-Civ. 26.3(d).

The Court agrees with Defendant that it is not clear from Plaintiff's supplemental response whether he is withholding information based on his objections to Interrogatory No. 15,

or if he has fully complied with Local Rule 26.3(d).  The Court grants the Motion to Compel as to Interrogatory No. 15 and Plaintiff shall produce a supplemental response stating whether he has fully responded to Interrogatory No. 15 or if he has withheld responsive information on the basis of his objections.

## IV.    "Under Oath" Requirement

Finally, the Court addresses Defendant's argument that Plaintiff's verification pages for his interrogatory responses are inadequate under Rule 33.[2]  (Doc. 69) at 6; (Doc. 89) at 4-5. Federal Rule of Civil Procedure 33(b)(1)(3) requires that each interrogatory must be answered "in writing under oath."  However, it "does not prescribe any particular form of verification." *Nicholson v. Gulino*, 2020 WL 6888271, at *4 (D.N.M.) (quoting *Richard v. Dignean*, 332 F.R.D. 450, 458 (W.D.N.Y. 2019)).  "In other words, there is more than one way to satisfy the requirement that interrogatory responses be made under oath," and "in lieu of signing a sworn verification, a party may submit a declaration that complies with the requirements of 28 U.S.C. § 1746." *Id.* (citing *Richard*, 332 F.R.D. at 457, and *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487-488 (2d Cir. 2013)).

Section 1746 provides that where a matter "is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit," the matter may "with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement ... in writing of such person which is subscribed by him, as true under penalty of perjury, and dated."

---

[2] Since Defendant does not address Interrogatory No. 19 in its reply brief, it appears that issue was resolved by Plaintiff's supplemental response.  *See* (Doc. 80-1) at 4.

28 U.S.C. § 1746.  The statute further states that the following language may be used to support an unsworn declaration: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date) (Signature)."  *Id.*

Here, Plaintiff's verification for his original interrogatory responses states that he was sworn upon oath and that he has read the interrogatory answers and they "are true and correct to the best of my knowledge, information, and belief."  (Doc. 89-4).[3]  The form has a signature line for a notary public, but it is left blank and has not been notarized.  The verification for Plaintiff's amended responses does not state that Plaintiff was under oath and omits the signature line for a notary public, but otherwise contains the same language as the original verification form.  (Doc. 89-5).[4]  The Court finds that these verification pages are inadequate because they do not reflect that Plaintiff signed them "under oath" as required by Rule 33.  While the first verification states that Plaintiff was under oath, it does not reflect that Plaintiff's signature was notarized, and neither verification contains the language "under penalty of perjury" as required by Section 1746 to support an unsworn declaration.  Accordingly, the Court will require Plaintiff to verify his interrogatory answers under oath within the meaning of Rule 33.  Plaintiff may either: (a) swear to his interrogatory answers in a manner that fulfills Rule 33's "under oath" requirement, such as

---

[3] The original verification states: "I, TANNER BOOKER, being first duly sworn upon oath, depose and state that I am the individual named in the above-entitled cause, that I have read the foregoing Answers to Defendant, P.A.M. Cartage Carriers, LLC's First Set of Interrogatories to Plaintiff Tanner Booker, and the same are true and correct to the best of my knowledge, information, and belief."  (Doc. 89-4).

[4] The verification page for Plaintiff's amended responses states: "I, TANNER BOOKER, state that I am the individual named in the above-titled cause, that I have read the foregoing First Supplemental Answers to Defendant, P.A.M. Cartage Carriers, LLC's First Set of Interrogatories to Plaintiff Tanner Booker, and the same are true and correct to the best of my knowledge, information, and belief."  (Doc. 89-5).

by signing a sworn verification; or, (b) submit an unsworn verification that declares under penalty of perjury that his answers are true and correct.  *See Nicholson*, 2020 WL 6888271, at *4 (finding the verification page at issue did not comply with Rule 33 because the party did not state that his answers were made under oath and the page did not substantially conform to the requirements of 28 U.S.C § 1746).

## V.      Attorney's Fees

Based on the foregoing, the Court grants Defendant's Motion to Compel.  Pursuant to Rule 37(a)(5), "[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Plaintiff had an opportunity to respond to Defendant's request for fees since Defendant raised the issue in its Motion to Compel.  *See* (Doc. 69) at 6.  Moreover, the Court finds that none of the exceptions to Rule 37(a)(5) apply since Defendant attempted to confer with Plaintiff and obtain the disputed information without court action, Plaintiff's nondisclosure is not substantially justified, and no other circumstances make an award of expenses unjust.  Therefore, the Court will order Plaintiff to pay Defendant's reasonable attorney's fees and expenses incurred in bringing the Motion to Compel.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel, (Doc. 69), is GRANTED.  **By September 29, 2023**, Plaintiff shall produce to Defendant supplemental responses to Interrogatory Nos. 1 and 15, and a verification that conforms with Rule 33.

IT IS FURTHER ORDERED that Defendant is awarded attorney's fees and costs incurred in connection with preparing and litigating the Motion to Compel.  Defendant shall file an itemization of fees for the Court's consideration **by October 6, 2023**.

IT IS SO ORDERED.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE