IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TANNER BOOKER,

    Plaintiff,

v.                                                                                No. 2:23-cv-18 WJ/KRS

P.A.M. TRANSPORT INC., and
IAN MURIUKI MWANGI,

    Defendants.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL
DEFENDANT MWANGI TO PROVIDE COMPLETE ANSWERS AND RESPONSES
TO DISCOVERY (Doc. 64)**

THIS MATTER is before the Court on Plaintiff's Motion to Compel Defendant Mwangi to Provide Complete Answers and Responses to Discovery, (Doc. 64), filed July 6, 2023. Defendant Mwangi filed a response to the Motion to Compel on July 20, 2023, and Plaintiff filed a reply on July 31, 2023. (Docs. 76, 83). Having considered the parties' briefing, the record of the case, and relevant law, the Court grants the Motion to Compel in part as set forth below.

**I.      Background**

Plaintiff brings claims against Defendants stemming from injuries sustained in an accident. (Doc. 1-1). Plaintiff is a commercial driver and was parked at the Petro Truckstop in Deming, New Mexico on February 10, 2022 when a P.A.M. Transport, Inc. tractor-trailer rolled into Plaintiff's trailer. *Id.* at 3. Plaintiff alleges that the driver of the tractor-trailer, Defendant Mwangi, failed to set his parking brake, and that Plaintiff has suffered personal injuries and lost income. *Id.* at 4. Plaintiff brings claims for negligence, respondeat superior, negligent entrustment, and negligent hiring, supervision, retention, and training. *Id.*

In the Motion to Compel, Plaintiff contends that Defendant Mwangi's ("Defendant") boilerplate objections to Plaintiff's discovery requests are improper and that he failed to fully respond to Interrogatory Nos. 5, 6, 7, 10, 11, 13, 17, 22, 23, and Request for Production ("RFP") Nos. 1, 11, 17, 20, and 21.  (Doc. 64) at 4-11.  In response, Defendant argues that Plaintiff's discovery requests are disproportionate to the needs of this case and that his discovery responses, and supplemental responses, are adequate and do not require supplementation.  (Doc. 76) at 4-21.  Defendant also asks the Court to issue a protective order to prevent public disclosure of his personally identifying information.  *Id.* at 21.  In reply, Plaintiff concedes that Defendant's supplemental response to Interrogatory No. 6 resolved the issues Plaintiff raised, but maintains that Defendant has not fully responded to the remaining disputed discovery requests.  (Doc. 83) at 2-9.  Plaintiff disagrees that a protective order is necessary to protect Defendant's personally identifying information, and Plaintiff asks the Court to award him attorney's fees incurred in the filing of the Motion to Compel.  *Id.* at 9-11.  Defendant also filed a reply brief in support of his request for a protective order.  (Doc. 94).

**II.    Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526

2

F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges."). Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).

### III. Defendant's Boilerplate Objections

Plaintiff first argues that Defendant's general objections to Plaintiff's interrogatories and RFPs are improper because they render it "difficult, if not impossible, to discern if Defendant Mwangi has withheld information or materials based on his objections." (Doc. 64) at 5. Federal Rule of Civil Procedure 33 provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Where the responding party objects, the grounds for such objection "must be stated with specificity" and objections that are not timely made are waived. Fed. R. Civ. P. 33(b)(4). Similarly, Rule 34 provides that a proper response to a request for production of documents "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P.

34(b)(2)(B).  In doing so, the party must also "state whether any responsive materials are being withheld" on the basis of the objection.  Fed. R. Civ. P. 34(b)(2)(C).

      Here, Defendant separately answered each request and made individualized objections.  For example, Interrogatory No. 7 asks Defendant to identify and provide information for "each and every individual who has knowledge of" the collision and issues in this case.  (Doc. 64-1) at 4.  Defendant objected to the interrogatory as ambiguous, vague, overly broad, and unduly burdensome, and explained the individuals who may have some knowledge of the incident "could encompass medical personnel, family members, court staff, law firm employees, and many others without any first-hand knowledge."  *Id.*  Nevertheless, Defendant provides the names and contact information for several people who may have first-hand information about the incident.  *Id.* at 4-5.  Instead of merely relying on boilerplate or generalized objections, Defendant provides specific grounds for his objections to each discovery request and puts Plaintiff on notice of what type of information is being withheld and why.  While the Court will consider each disputed discovery request below, Defendant's objections are not improper because Defendant did not rely on general objections and, instead, set forth the specific grounds for his objections and tailored those objections to each response.  *Cf. Heuskin v. D&E Transp., LLC*, 2020 WL 1450575, at *2 (D.N.M.) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."); *King v. Gilbreath*, 2015 WL 12866984, at *1 (D.N.M.) (explaining that "the use of general, reserved objections is disfavored" because Rules 33 and 34 "require that the grounds for objecting to an interrogatory or request for production be particularized to that request") (citations omitted).

IV.     **Discovery Requests**

   A.  **Interrogatory No. 5**

This interrogatory asks Defendant to state his job titles, job duties, names of supervisors, and reason for termination for each job he has had for the past ten years. (Doc. 64) at 5. Defendant objected that the time period is too broad and burdensome and should be limited to the last three years, and that employment history for jobs in the distant past is irrelevant because Defendant's wages or earning capacity is not at issue. (Doc. 76) at 5-6. In his Motion to Compel, Plaintiff narrows the request and asks Defendant to provide information for the time period immediately before and after the crash—September 2021 to the present—because those jobs reflect Defendant's qualifications and training for driving a commercial motor vehicle. (Doc. 64) at 5; (Doc. 83) at 3-4. Because Plaintiff is only seeking supplementation as to Defendant's employment history from September 2021 to the present, which is when Defendant was training for and driving a commercial motor vehicle, the Court overrules Defendant's objections. Defendant shall provide a supplemental response that fully responds to Interrogatory No. 5 limited to September 2021 to the present.

   B.  **Interrogatory No. 7**

Interrogatory No. 7 asks Defendant to identify all individuals with knowledge of the subject collision, the issues raised in the Complaint, and any defense. Defendant objected that the interrogatory was ambiguous, vague, overly broad, unduly burdensome, and sought irrelevant information, and identified Plaintiff, Defendant, the investigating officer, and the co-driver. (Doc. 76) at 8-9. Plaintiff argues that because Defendant only identified the co-driver in his supplemental response, it "seems to suggest that Defendant Mwangi's original Answer withheld

discoverable and relevant information, and calls into question whether there are additional individuals with knowledge of the crash who are known to Defendant Mwangi, but who have not yet been disclosed." (Doc. 64) at 7.  In response, Defendant confirms that he has identified the individuals with first-hand knowledge of the accident, and he explains that the co-driver was identified by name and job title in an earlier document production.  (Doc. 76) at 9.  The Court finds that Defendant's response to the interrogatory, limited to the names of individuals with first-hand knowledge of the collision, is appropriate.  Plaintiff does not explain why additional information about people who may have heard about the incident from others is relevant.  The Court denies the Motion to Compel as to this interrogatory.

### C.  Interrogatory No. 10

Interrogatory No. 10 asks Defendant to describe what he was doing in the 24 hours before and after the collision.  Subject to his objections that the interrogatory seeks irrelevant information and is ambiguous, vague, overly broad, and unduly burdensome, Defendant states that during the 24 hours prior to the collision he was either in the sleeper, on duty/driving, or off duty, and after the collision he "completed the delivery with his co-driver." (Doc. 76) at 10.  The Court finds this request is relevant to the claims and defenses in this case.  Defendant's response is inadequate and does not provide the requested information.  The Court grants the Motion to Compel as to this interrogatory and Defendant shall provide a supplemental response that is fully responsive to the interrogatory.

### D.  Interrogatory No. 11

Interrogatory No. 11 asks Defendant to identify his cell phone number and carrier and any cell phone records for devices used on the date of the incident.  Defendant objected arguing

the interrogatory is overly broad, seeks confidential information, and is not proportional to the needs of the case. (Doc. 64-1) at 7-8. In response to the Motion to Compel, Defendant states that in response to RFP No. 4 he identified his carrier and produced a printout of his cell phone calls and text messaging for the date of the incident. (Doc. 76) at 11; (Doc. 76-6). Plaintiff argues in his reply brief that the produced information is "virtually indecipherable" and all but eleven lines of the produced records have been redacted. (Doc. 83) at 5.

Defendant states that he produced his cell phone records for the date of the incident and, despite most of the pages being redacted, the Court is able to determine what calls and texts were made that day. *See* (Doc. 76-6). However, Defendant did not properly respond to Interrogatory No. 11 by referring Plaintiff to RFP No. 4 and, instead, alerted Plaintiff to the relevant records in response to Plaintiff's Motion to Compel. Consequently, the Court will order Defendant to provide a supplemental answer to Interrogatory No. 11 clarifying where the responsive information was produced and whether any other responsive information is being withheld on the basis of Defendant's objections.

### E.  Interrogatory No. 13

Plaintiff asks Defendant to identify all lay witnesses he will or may call to testify on his behalf at trial, and provide each person's name, employer, title, address, business address, telephone number, and a description of their expected testimony. Defendant objected on the basis this interrogatory is premature because discovery is just beginning and Defendant has not yet identified witnesses. Defendant directed Plaintiff to his initial disclosures and stated he will identify witnesses as required by the Federal Rules of Civil Procedure and in accordance with any scheduling orders entered in the case. That stated, he lists Plaintiff and himself as potential

witnesses. (Doc. 64-1) at 8-9. Plaintiff argues in his reply brief that Defendant must provide complete answers to interrogatories and Defendant "fails to identify any legal authority or other citation that supports his objection and refusal to respond." (Doc. 83) at 5-6. The Court finds that Defendant's response—that he has not yet determined which witnesses he will or may call to testify at trial—is reasonable given the early stage of the case. Discovery is ongoing and a trial scheduling order requiring a list of witnesses who will testify has not yet been entered. Moreover, Defendant has explained that in his initial disclosures he identified all individuals likely to have discoverable information, as required by Rule 26(a)(1)(A)(i). The Court denies the Motion to Compel as to this interrogatory.

      **F. Interrogatory No. 17**

This interrogatory states: "If you contend that any other person is responsible for the collision giving rise to this lawsuit, identify that person and state the factual basis for your contention." Defendant objected on the grounds the interrogatory seeks a legal conclusion and is an improper contention interrogatory. Defendant further states in response to the Motion to Compel: "Until Plaintiff Booker and Defendant Mwangi have been deposed, the parties cannot make liability determinations. To illustrate, the defense cannot determine whether lighting and conspicuity played a role, whether Pilot's parking rules were complied with, whether parking lot design or defects played a role, whether occupant safety restraints were property utilized or whether there are other explanations for Plaintiff's claimed injury." (Doc. 76) at 13.

      "Contention interrogatories that systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations, are an abuse of the discovery process because they are overly

broad and unduly burdensome." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (citations omitted).  Interrogatories may not seek the equivalent of a narrative account of an opposing party's claims, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents.  *See Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404 (D. Kan. 1998).  Interrogatories may, however, ask for the material or principal facts that support a party's contention.  *Valdez*, 240 F.R.D. at 404.

First, the Court does not find that interrogatory asks for a legal conclusion, and Defendant fails to provide any support for his assertion that Plaintiff is asking Defendant to identify legal duties, breaches, or proximate cause and damages.  Second, the Court finds that the interrogatory is not an improper contention interrogatory because it does not ask Defendant to provide a narrative account or application of law to facts that support Defendant's allegations.  The Court grants Plaintiff's Motion to Compel with respect to this interrogatory and overrules Defendant's objections.  Defendant shall provide a supplemental response to the interrogatory and shall further supplement his response after taking depositions if necessary.

### G.  Interrogatory No. 22

In Interrogatory No. 22 Plaintiff seeks all discipline, warnings, and/or counseling Defendant received relating to his work for P.A.M. Transport, Inc., and the date and a brief description of the discipline, warning, or counseling.  Defendant responded: "After the accident, Defendant Mwangi received a disciplinary action from P.A.M. Transport, Inc. and his employment was terminated." (Doc. 76) at 14.  Plaintiff argues that Defendant failed to provide the date of the discipline or any description. (Doc. 64) at 9.  Defendant responds: "If Plaintiff wants to know more details, this topic can be explored at his upcoming deposition.  This is not

9

the proper use of a motion to compel." (Doc. 76) at 14.  The Court disagrees.  Defendant did not fully respond to the interrogatory by failing to report the date or a description of the disciplinary action, other than that it led to his termination.  The Court orders Defendant to supplement his response to Interrogatory No. 22.

### H.  Interrogatory No. 23

This interrogatory asks Defendant to: "State the factual bases for any affirmative defense you asserted in response to Plaintiff's Complaint."  Defendant objected on the basis the interrogatory seeks the mental impressions, conclusions, opinions or legal theories of Defendant's counsel, and that it is premature because Defendant has not had enough time to conduct discovery to provide this information.  (Doc. 64-1) at 11.  The Court disagrees that the interrogatory seeks mental impressions or legal opinions of Defendant's counsel.  Instead, Plaintiff seeks the factual bases for Defendant's affirmative defenses, which is an appropriate request.  *See Valdez*, 240 F.R.D. at 404 (explaining that interrogatories may ask for the material or principal facts that support a party's contention).  The Court overrules Defendant's objection and will require him to supplement his response to this interrogatory.

### I.  Request for Production No. 1

Plaintiff asks Defendant to produce a copy of all records he was required to keep pertaining to his daily activities and duties for P.A.M. Transport, Inc. from January 15, 2022 through February 15, 2022.  Defendant objected stating the RFP is vague and ambiguous because it is unclear what type of records are sought, and that it is overly broad and unduly burdensome because it "does not contain any limitations to type of records and is written so broadly that it arguably encompasses every document or piece of information from P.A.M. Transport, Inc."

(Doc. 76) at 15.  Defendant then provided his driver's license and medical certification card.  Plaintiff argues the request is tailored to the relevant time period and clearly enumerates what is being requested, and that it is relevant because it may provide insight into Defendant's activities at or around the time of the crash and of Defendants' record-keeping policies and procedures for their employees.  (Doc. 64) at 10.  Plaintiff further explains the request seeks materials such as logbooks, hours of service records, and records of duty status.  (Doc. 83) at 7-8.  The Court finds the request is sufficiently clear and tailored to the facts of the case and relevant time period.  It asks for records Plaintiff "was required to keep" and "pertaining to his daily activities and duties" for P.A.M. Transport, Inc., which clearly does not encompass every document or piece of information from P.A.M. Transport.  The Court overrules Defendant's objections and orders Defendant to fully respond to this RFP.

### J. Request for Production No. 11

RFP No. 11 asks Defendant to produce all documents indicating or explaining the amount and rate of pay (including any per-mile or per-trip compensation, incentives, bonuses, and salary) that were in place on the date of the collision.  Defendant objected on the grounds the RFP is ambiguous and vague and improperly requests his financial information.  (Doc. 64-2) at 3.  Defendant further stated he "is not in possession of any responsive documents."  *Id.*  Plaintiff states in the Motion to Compel that Defendant's rate of pay and compensation structure is relevant as to "how the crash occurred, why Defendant Mwangi fled the scene of the crash before the police arrived, and whether he was incentivized to rush to make his delivery by a certain time."  (Doc. 64) at 10.  The Court finds that Plaintiff has not shown how this RFP seeks relevant information.  While Plaintiff argues that Defendant's financial incentives could have led

11

him to rush which led to the collision, Plaintiff fails to explain how knowing the amount Defendant was paid by his employer tends to make that fact more or less probable. Moreover, while Plaintiff characterizes Defendant as having "fled the scene of the crash," Defendant points out that after the collision the parties exchanged information, confirmed there were no injuries, and photographed their vehicles prior to Defendant leaving. (Doc. 76) at 18. The Court denies the Motion to Compel as to this RFP.

### K. Request for Production No. 17

Next, Plaintiff seeks all policies, procedures, and training materials in Defendant's possession identifying his employer's requirements for parking vehicles, identifying hazards, and providing warning to the public of hazards. Defendant objected arguing the RFP was vague, ambiguous, overly broad, and unduly burdensome. (Doc. 64-2) at 4. Defendant referred Plaintiff to the Federal Motor Safety Regulations. The Court finds that the RFP seeks relevant information to the extent it requests policies, procedures, and training materials relating to parking vehicles. As for the portion of the RFP regarding identifying hazards and providing warning to the public of hazards, Plaintiff fails to explain how that information is relevant since both parties assert the collision was caused by Defendant failing to set a parking brake. The Court grants the Motion to Compel in part and Defendant shall produce information in his possession relating to P.A.M. Transport, Inc.'s requirements for parking vehicles.

### L. Request for Production No. 20

Plaintiff seeks "any document identified or referred to" in preparing Defendant's response to any interrogatory he answered. Defendant objected on the grounds the RFP is vague and ambiguous, is overly broad and unduly burdensome, and then directs Plaintiff to his license

12

and medical certification card. (Doc. 64-2) at 6. In response to the Motion to Compel, Defendant states that he referred to Luna County Sheriff's Department Offense/Incident Report, Defendant's Initial Disclosures, and the Court's Scheduling Order. (Doc. 76) at 20. Plaintiff argues it is not clear if these three documents are Defendant's full response to RFP No. 20 or if he referred to other documents that he has not produced. (Doc. 83) at 9. The Court agrees. If Defendant intends for the three documents identified in response to Plaintiff's Motion to Compel to be his response to RFP No. 20, he must provide a supplemental response, under oath, and state which documents are responsive. The Court overrules Defendant's objections and grants the Motion to Compel as to this RFP.

### M. Request for Production No. 21

Finally, Plaintiff seeks any document supporting Defendant's affirmative defenses. Defendant objected arguing the RFP seeks mental impressions, conclusions, opinions or legal theories of Defendant's counsel, and that the RFP is premature as Defendant has not yet developed evidentiary support for his affirmative defenses. (Doc. 76) at 20-21. Rule 34 requires: "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). Therefore, Defendant must supplement his response to this RFP to state whether he withheld any responsive documents on the basis of his objections. He is further required to supplement his discovery responses if relevant information is later discovered. *See* Fed. R. Civ. P. 26(e)(1)(A) ("A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response … in a timely manner if the

party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.").

### V.     Defendant's Motion for Protective Order

In Defendant's Response to the Motion to Compel, he states he is seeking a protective order from the Court "protecting him from the public filing and disclosure of his personally identifying information, such as his social security number, date of birth, names of siblings, financial account numbers, and home address."  (Doc. 76) at 21.  He makes this request because Plaintiff filed an attachment to his Motion to Compel that included a document identifying Defendant's home address.  (Doc. 64-4).  In response, Plaintiff explains that when Defendant's counsel asked Plaintiff's counsel to redact Defendant's home address because it was filed in violation of Rule 5.2, Plaintiff's counsel informed Defendant's counsel that Rule 5.2 does not require redaction of a home address absent a court order.  (Doc. 83) at 9-10.  In reply, Defendant states there is good cause to protect him from public disclosure of his identifying information because he is concerned about subjecting his family to criminal harm and identity theft.  (Doc. 94) at 1-2.

First, Defendant improperly filed his motion for a protective order as part of his response to Plaintiff's Motion to Compel.  Motions seeking relief from the court must be filed as a separate document.  *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").  Second, Plaintiff is correct that Rule 5.2 does not require redaction of a home address.  Nevertheless, the purpose of Rule 5.2 is "to protect privacy and security concerns" of individuals, and "good cause" for redaction exists when a party's "privacy and security

14

concerns" outweigh the public interest in access to judicial records. Fed. R. Civ. P. 5.2 Advisory Comm. Note (2007); *Concerned Pastors for Soc. Action v. Khouri*, 2016 WL 8261002, at *1 (E.D. Mich.) (unpublished). The Court finds that Defendant's home address is not material to the claims or defenses in this case, so there is no public interest in that information remaining public. The Court grants Defendant's request that his address be redacted from docket and will direct the Clerk of the Court to seal Document 64-4. The Court does not find a need to enter a protective order, however, because Plaintiff's counsel did not violate Rule 5.2 when filing the document. Going forward, counsel shall redact home addresses if requested by opposing counsel.

Because the Court grants the Motion to Compel in part, it declines to grant Plaintiff's request for attorney's fees and costs under Fed. R. Civ. P. 37.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel, (Doc. 64), is GRANTED IN PART. **By October 10, 2023**, Defendant shall produce supplemental responses to the interrogatories and requests for production as set forth above.

IT IS FURTHER ORDERED that the Clerk of the Court shall SEAL Document 64-4 to protect Defendant's personally identifying information.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE