## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

TANNER BOOKER,

     Plaintiff,

v.                                                              No. 2:23-cv-18 WJ/KRS

P.A.M. TRANSPORT, INC., and
IAN MURIUKI MWANGI,

     Defendants.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANT P.A.M. TRANSPORT, INC. TO PROVIDE COMPLETE ANSWERS AND RESPONSES TO DISCOVERY (Doc. 65)

THIS MATTER is before the Court on Plaintiff's Motion to Compel Defendant P.A.M. Transport, Inc. to Provide Complete Answers and Responses to Discovery, (Doc. 65), filed July 7, 2023. Defendant P.A.M. Transport, Inc. ("Defendant") filed a response to the Motion to Compel on July 21, 2023, and Plaintiff filed a reply on August 3, 2023. (Docs. 77, 86). In addition, Plaintiff filed a supplemental exhibit on August 14, 2023, Defendant filed a sur-response on August 16, 2023, and Plaintiff filed a sur-reply on August 22, 2023. (Docs. 92, 101, 113). Having considered the parties' briefing, the record of the case, and relevant law, the Court grants the Motion to Compel in part as set forth below.

### I.      Background

Plaintiff brings claims against Defendants stemming from injuries sustained in an accident. (Doc. 1-1). Plaintiff is a commercial driver and was parked at a truck stop in Deming, New Mexico on February 10, 2022 when a P.A.M. Transport, Inc. tractor-trailer rolled into Plaintiff's trailer. *Id.* at 3. Plaintiff alleges that the driver of the tractor-trailer, Defendant Mwangi, failed to set his parking brake, and that Plaintiff has suffered personal injuries and lost

income.  *Id.* at 4.  Plaintiff brings claims for negligence, respondeat superior, negligent

entrustment, and negligent hiring, supervision, retention, and training.  *Id.*

      In the Motion to Compel, Plaintiff contends that Defendant's use of a general objection

preceding its responses to Plaintiff's discovery requests, as well as boilerplate objections to each

discovery request, are improper.  (Doc. 65) at 4-7.  Plaintiff further contends that Defendant

failed to fully respond to Interrogatory Nos. 1, 2, 14, 15, 19, and Request for Production ("RFP")

Nos. 3, 7, 22, 33, and 34.  *Id.* at 7-14.  In addition, Plaintiff argues that Defendant must produce

information and materials regarding training, supervision, hiring, and retention of employees, in

response to Interrogatory No. 18 and RFP Nos. 2, 8, 16, 24, 26, and 38.  *Id.* at 14-15; (Docs. 92

and 113).  Plaintiff asks for an award of attorney's fees and costs incurred in bringing the Motion

to Compel.  (Doc. 65) at 16.

      In response, Defendant argues that Plaintiff's discovery requests are not proportionate to

the needs of this case, that its discovery responses and supplemental responses are adequate, and

that RFP Nos. 22-38 exceed the number of discovery requests allowed by the Court.  (Docs. 77

and 101).  In reply, Plaintiff disputes that it has exceeded the number of discovery requests

agreed upon by the parties and maintains that Defendant must provide supplemental responses

that fully answer the disputed discovery requests.  (Doc. 86).

## II.     Number of Discovery Requests

      The Court first addresses Defendant's assertion in its objections to Plaintiff's discovery

requests that RFP Nos. 22-38 were served in excess of the limitation of 50 requests for

production imposed by the Scheduling Order.  (Doc. 77) at 5-7; (Doc. 40, Scheduling Order).

2

Defendant contends that the subparts in some of Plaintiff's discovery requests constitute separate inquiries that should be counted toward the total number of requests.

Rule 34 requires requests for production to "describe with reasonable particularity each item or category of items" to be produced or inspected.  Fed. R. Civ. P. 34(b)(1)(A).  In the context of interrogatories, courts have held that "[e]xtensive use of subparts, whether explicit or implicit, could defeat the purposes of the numerical limit contained … in a scheduling order, by rendering it meaningless unless each subpart counts as a separate interrogatory."  *Williams v. Board of County Commissioners*, 192 F.R.D. 698, 701 (D. Kan. 2000); *see also* Committee Notes regarding Rule 33 (describing how subparts of interrogatories may not "seek information about discrete separate subjects"); 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (3d. ed. April 2023) ("[Subparts] directed at eliciting details concerning a common theme should be considered a single question.").

The only discovery request that Defendant specifically argues contains improper subparts is RFP No. 1, which asks Defendant to produce Defendant Mwangi's employment files and documents that demonstrate his compliance with federal and state driver qualification laws and regulations.  (Doc. 77) at 5-6.  The RFP contains eight categories of documents to be included, such as Defendant Mwangi's disciplinary history, driver qualifications, road test certification, hiring documents, and medical assessments.  *Id.*  The Court finds that these subparts are not individual discovery requests because they do not seek information about discrete separate subjects.  Instead, at most, the RFP is two document requests – for employment files and documents demonstrating compliance with driver laws and regulations.

Defendant does not specify which of the remaining RFPs should be counted as more than one request, and the Court will not search through the RFPs to determine which may include discreet separate subjects.  The parties state that Plaintiff has served 38 RFPs on Defendant – so even if the Court finds that RFP No. 1 is eight requests, that does not put the number of RFPs above 50.  Accordingly, the Court denies Defendant's request to find that RFP Nos. 22-38 were served in violation of the Scheduling Order.

### III.    Legal Standard

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges.").  Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses.  *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit." Fed. R. Civ. P. 26(b)(1). Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).

## IV.   Defendant's Boilerplate Objections

Plaintiff first argues that Defendant's general objections at the outset of its responses to the requests for production, and its repetitive objections in response to each discovery request, are improper because grounds for objections must be stated with specificity. (Doc. 65) at 4-7. Federal Rule of Civil Procedure 33 provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Where the responding party objects, the grounds for such objection "must be stated with specificity" and objections that are not timely made are waived. Fed. R. Civ. P. 33(b)(4). Similarly, Rule 34 provides that a proper response to a request for production of documents "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). In doing so, the party must also "state whether any responsive materials are being withheld" on the basis of the objection. Fed. R. Civ. P. 34(b)(2)(C).

Defendant has included a "General Objection" at the beginning of its responses to Plaintiff's requests for production, in which it objects to Plaintiff's use of prefatory instructions and definitions and to the number of RFPs Plaintiff has served. (Doc. 65-2) at 1-2. Defendant "asks that this general objection be incorporated in response to each and every request below." *Id.* at 2. This request is contrary to Rule 34's requirement that parties must state with specificity the grounds for objecting to each request. Fed. R. Civ. P. 34(b)(2)(B). Accordingly, the Court

will not consider Defendant's "General Objections" unless they are set forth as part of

Defendant's responses to the individual, disputed discovery requests.  As for Defendant's use of

repetitive objections in response to Plaintiff's discovery requests, the Court does not find that

this alone is improper.  Defendant separately answered each discovery request and made

individualized objections, instead of merely relying on boilerplate or generalized objections.

Accordingly, the Court finds that Defendant's objections are proper to the extent they set forth

specific grounds and are tailored to each response.  *Cf. Heuskin v. D&E Transp., LLC*, 2020 WL

1450575, at *2 (D.N.M.) ("Boilerplate, generalized objections are inadequate and tantamount to

not making any objection at all."); *King v. Gilbreath*, 2015 WL 12866984, at *1 (D.N.M.)

(explaining that "the use of general, reserved objections is disfavored" because Rules 33 and 34

"require that the grounds for objecting to an interrogatory or request for production be

particularized to that request") (citations omitted).  The Court will consider each disputed

discovery request below.

V.     **Discovery Requests**

A.  **Interrogatory No. 1**

This interrogatory asks Defendant to identify the person or persons who answered, helped

answer, and/or provided information to answer the interrogatories and requests for production.

(Doc. 65-1) at 1.  Defendant objected on the basis the interrogatory is overly broad and unduly

burdensome because, as a corporate defendant, answering discovery requests is a collaborative

process and the answering party consulted with a number of sources and individuals.  *Id.*

Defendant then provided the name of the person who verified Defendant's answers to Plaintiff's

discovery requests.  *Id.* at 2.  The Court finds that Defendant's objection is reasonable and that

Defendant's response is sufficient.  Plaintiff argues that Defendant's response "prejudices

Plaintiff's ability to identify individuals who may have information related to the subject crash,

Plaintiff's allegations, and Defendant's affirmative defenses or other basis for its denial of

Plaintiff's claims."  (Doc. 65) at 8.  This argument, however, does not explain with any

specificity what nonprivileged and relevant information Plaintiff is seeking and the Court will

not permit Plaintiff to engage in a fishing expedition in the hope of finding information to

support his claims.  *See Landry*, 323 F.R.D. at 375.  The Court denies the Motion to Compel as

to this interrogatory.

### B.  Interrogatory No. 2

Interrogatory No. 2 asks Defendant to "[i]dentify all persons known to Defendant or its

counsel to be witnesses concerning the facts of the case and indicate whether or not written or

recorded statements have ben taken from the witnesses and set forth a summary sufficient to

inform Plaintiff of the important facts known to or observed by such witness."  (Doc. 65) at 2.

Defendant objected that the interrogatory is vague because it is unclear if it seeks the identity of

individuals who witnessed the accident itself or of those who heard about the accident from

others.  Defendant further objects to the word "statement" because it is unclear if that means a

formal account of the accident.  *Id.*  Defendant then stated that persons who have knowledge of

the accident are: Plaintiff, Defendant Mwangi, Plaintiff's dispatcher, representatives of the owner

of the cargo that Plaintiff was transporting, and the Luna County Sheriff's Department deputy

who investigated the incident.  *Id.* at 2-3.  Defendant provided summaries of what information

these persons may have, and in a supplemental answer clarified that written or recorded

statements were not taken from employees of Plaintiff's employer or the company that owned the cargo Plaintiff was transporting.  (Doc. 65-5) at 3.

Plaintiff argues this response is inadequate because it fails to name employees such as Defendant Mwangi's co-driver.  (Doc. 65) at 9.  Plaintiff states that it appears Defendant is withholding the names of individuals it may later call at trial.  *Id.*  In response, Defendant explains that its answer encompasses witnesses to the accident itself and that Defendant Mwangi's co-driver was asleep at the time of the accident.  (Doc. 77) at 8-9.  Defendant further states that it has already identified in responses to other discovery requests several of Defendant's employees, such as the former vice president of safety, a mentor, a driver manager, and the current director of safety.  *Id.* at 9.

The Court agrees with Plaintiff that Defendant should have identified Defendant Mwangi's co-driver in response to this interrogatory.  Even though Defendant asserts the co-driver was asleep at the time of the accident, the co-driver is still a witness who can testify about his knowledge of the accident.  This is especially warranted as Defendant has relied on the co-driver's experience to argue that the collision did not have much force.  The Court grants the Motion to Compel as to this interrogatory and Defendant shall produce a supplemental response that includes information about Defendant Mwangi's co-driver.

### C.  Interrogatory No. 14

Interrogatory No. 14 asks Defendant to provide information for the ten years preceding the incident of any litigation and/or claims that involve injuries or property damage due to crashes where Defendant's drivers were alleged to be negligent or its trucks were alleged to be faulty.  (Doc. 65-1) at 5.  Defendant objected that the interrogatory asks for irrelevant and overly

broad information and is vague because it is not limited to information related to Defendant's vehicles and may encompass accidents involving any vehicle driven by Defendant's employees. *Id.* at 5-6.  Defendant also objects to providing any information in violation of the Health Insurance Portability and Accountability Act and medical privacy rights.  *Id.* at 6.  Defendant then provides a list of New Mexico lawsuits in which Defendant has been a party.  *Id.*

Plaintiff states in its Motion to Compel that it has narrowed this interrogatory to litigation and claims concerning allegations that Defendant's drivers, while working for Defendant, failed to engage the parking brake and caused injuries or property damage from February 2012 to the present.  (Doc. 65) at 9.  Defendant responds that this narrower request is still too broad because Defendant has "approximately 1,700 power units" and it would be unduly burdensome to review each and every accident and claim in the more than ten-year time frame to determine if it involved a driver working for Defendant and allegations the driver failed to engage the parking brake and caused injury or damage.  (Doc. 77) at 11.  Defendant argues the information gathered still might implicate privilege concerns such as worker's compensation or medical privacy.  *Id.*

The Court finds that Plaintiff's narrowed request is still overly broad due to the concerns Defendant raises in its response.  However, Plaintiff is correct that information regarding similar accidents that took place around the time of the incident at issue in this case is relevant as to whether Defendant knew or should have known of issues involving drivers not setting their parking brake.  Accordingly, the Court will grant Plaintiff's motion as to this request in part and Defendant shall produce a list of cases filed in state or federal court from February 2020 to the present wherein its drivers, while working for Defendant, were accused of failing to engage the

parking brake which caused injuries or property damage.  Defendant is only required to list cases that were filed with a court that fall within these parameters.

### D.  Interrogatory No. 15

Interrogatory No. 15 asks Defendant to provide the names and addresses of its Safety Director, Loss Prevention Director, Federal Safety Regulation Compliance Officer, driver's terminal manager, driver's dispatcher, records custodian, driver trainer, driver supervisor, and maintenance manager, who were in these positions on the date of the incident and/or during any portion of Defendant Mwangi's trip involving the subject incident, as well as "who, if anyone, has been operating P.A.M. Transport, Inc. since the time of the crash."  (Doc. 65-3) at 1. Defendant objected that the interrogatory seeks irrelevant information, is overly broad and unduly burdensome, and is not proportionate to the needs of the case.  *Id.* at 1-2.  Defendant then responded with the names of its Vice President of Safety, and Defendant Mwangi's Mentor and Driver Manager/Supervisor.  *Id.* at 2-3.

Plaintiff contends the interrogatory seeks relevant information because the requested individuals "may have knowledge about the subject crash, Defendant Mwangi's training and experience, Defendant's policies and procedures, and any investigations or preventability assessments made."  (Doc. 65) at 10.  Defendant responds that it has already provided the names of three people who have information regarding the incident and Defendant's Mwangi's training, and the identification of other employees is irrelevant to the claims and defenses in this case. (Doc. 77) at 12.  The Court finds that this interrogatory is overly broad because it is not limited to individuals who have knowledge of the incident or Defendant Mwangi's training. Defendant's response, in providing the names of those who know about the incident and

Defendant Mwangi's training, is sufficient.  The Court denies the Motion to Compel as to this interrogatory.

### E.  Interrogatory No. 19

This interrogatory asks Defendant to provide "a description of all accidents maintained in the P.A.M. Transport, Inc. accident register for the last ten (10) years," including "all the elements required by 49 C.F.R. Section 390.15(b)(1)."  (Doc. 65-1) at 9.  Defendant objected because its Department of Transportation Register, maintained pursuant to 49 C.F.R. § 390.15, is barred by 49 U.S.C. § 504(f) from disclosure in discovery.  *Id.*  In his Motion to Compel, Plaintiff argues this interrogatory does not seek the production of Defendant's register reports, and instead "seeks identification and description of accidents in Defendant PTI's accident register."  (Doc. 65) at 10.  Plaintiff notes that, after receiving Defendant's objections, and "as a show of good faith," Plaintiff limited the interrogatory to the "identification and description of all accidents in Defendant PTI's accident register involving Defendant PTI vehicles which occurred in parking lots, to include public and private parking lots, and/or involve allegations that Defendant PTI employees failed to engage the vehicle's parking brake, or otherwise failed to secure the vehicle while parking, for a period of ten (10) years through to the present."  *Id.* at 11.  Defendant responds that this re-written request is overly broad and unduly burdensome because it would require Defendant to search through each accident that occurred over ten years to determine which of them happened in parking lots and involved failure to engage the parking brake.  (Doc. 77) at 13.

Defendant is correct that 49 U.S.C. § 504(f) protects it from disclosing its Department of Transportation ("DOT") accident register.  Motor carriers are required by the DOT to "maintain

an accident register for 3 years after the date of each accident" that includes a list of accidents, certain details about each accident, and copies of accident reports.  49 C.F.R. § 390.15(b)(1), (2). Section 504(f) protects these reports from being used in a civil action, stating: "No part of a report of an accident occurring in operation of a motor carrier ... and required by the Secretary [of Transportation], and no part of a report of an investigation of the accident made by the Secretary, may be admitted into evidence or used in a civil action for damages related to a matter mentioned in the report or investigation."  49 U.S.C. § 504(f); *see also Solek v. K&B Transportation, Inc.*, 2022 WL 2975287, at *7 (E.D. Mich.) ("[U]nder 49 U.S.C. § 504(f), DOT Accident Register reports are protected by statutory privilege."); *Sajda v. Brewton*, 265 F.R.D. 334, 341 (N.D. Ind. 2009) (denying motion to compel DOT Accident Register report because it was protected under § 504(f)); *Federal Procedure, Lawyers Ed.* § 76:683 (Updated August 2023) (stating that under Section 504(f), reports required or made by the Secretary of Transportation of an accident occurring in the operations of a motor carrier are not subject to discovery in a civil action).  Accordingly, Defendant's DOT register reports are not subject to discovery.

Plaintiff's argument that the interrogatory does not violate the protections of Section 504(f) because it does not seek production of the actual register reports, but only the information contained in the register reports, lacks merit.  Indeed, it appears to be a distinction without a difference since Plaintiff asked Defendant to produce all of the information required for the DOT register under 49 C.F.R. § 390.15(b)(1), which is precisely the information protected by

12

Section 504(f).[1]  Even considering Plaintiff's rewritten interrogatory, it continues to improperly

ask for the identification and description of accidents in Defendant's DOT accident register.

Defendant has also reasonably objected on the grounds that it would be unduly burdensome to

search through each accident for ten years to determine whether it occurred in a parking lot and

involved failure to engage a parking brake.  The Court denies Plaintiff's Motion to Compel as to

this interrogatory.

### F.  Request for Production No. 3

Request for Production No. 3 asks Defendant to "produce a copy of all company

accident/incident reports for P.A.M. Transport, Inc. for ten (10) years preceding February 10,

2022 (including but not limited to any vehicular incidents, collisions, and/or conditions occurring

on company property during loading or unloading."  (Doc. 65-2) at 3.  Defendant objected that

the request is vague and ambiguous because it is unclear what constitutes an "accident/incident

report" and such reports could include "workers' compensation claims, cargo related damages,

delivery failures, vehicle damage, weather related claims, hazardous material claims, loading and

unloading claims, and many others."  *Id.*  Defendant further objected that the request seeks

irrelevant information, is not proportionate to the needs of this case, violates medical privacy

information, and is overly broad and unduly burdensome.  *Id.* at 3-4.  After receiving

Defendant's objections, Plaintiff limited request to all accident reports/incident reports from

February 10, 2012 to February 10, 2022 "pertaining to accidents or incidents involving

---

[1] Plaintiff's counsel appears to have asserted an argument that at best fails to acknowledge binding authority, and at worst is lacking candor to the Court and Defendant. While creative arguments or strategic attempts to change the law can, at times, be appropriate, the Court reminds counsel that accuracy and candor to the tribunal are required by Federal Rule of Civil Procedure 11 and the New Mexico Rules of Professional Responsibility.

Defendant PTI's vehicles" and "to accidents or incidents which resulted in property damage, or bodily injuries."  (Doc. 65-4) at 8.

The request as originally written is clearly overly broad and seeks irrelevant information as it covers any and all accidents and incidents and is not limited to the claims or defenses in this case.  Plaintiff's attempt to rewrite the request upon receipt of Defendant's objections does not cure its defects as the request, even as rewritten, is overly broad, seeks information that is irrelevant, and is not proportionate to the needs of this case.  While Plaintiff argues that the information "may provide insight into Defendant PTI's approach to safety and training," the request is not limited in any way to safety and training.  The Court denies the Motion to Compel as to this request.

### G.  Request for Production No. 7

This request asks Defendant to produce "all documents, emails, recordings, photographs, or other material things that reference interoffice communications or communications from or to individuals and/or federal or state agencies, regarding complaints or crashes involving your drivers while driving trucks."  (Doc. 65-2) at 5.  Defendant objected that the request is ambiguous, vague, overly broad, unduly burdensome, is not proportionate to the needs of this case, and seeks irrelevant, confidential, and privileged information. *Id.* at 5-7.  Again, after receiving Defendant's objections, Plaintiff attempted to limit the request to materials from February 2010 to the present "which concern complaints made about conduct by Defendant PTI's employees while operating commercial vehicles for Defendant PTI."  (Doc. 65-4) at 9.  The Court agrees with Defendant that this request, even as rewritten, is clearly overly broad, unduly burdensome, seeks irrelevant information, and is not proportionate to the needs of this

case.  While Plaintiff argues that the narrowed scope of the rewritten request seeks relevant information "regarding Defendant PTI and its history of driver-related complaints" and "is likely to provide insight into Defendant PTI's hiring, retention, supervision, and training policies," the request is not limited in any way to the facts of this case and encompasses any and all "complaints" about any and all "conduct" by Defendant's drivers.  The Court denies the Motion to Compel as to this request.

### H.  Request for Production No. 22

This request seeks "all documents, including pleadings, reflecting any other lawsuit concerning a vehicle collision within five years before the date of the subject incident involving P.AM. Transport, Inc., or one of its employees or drivers."  (Doc. 65-2) at 8.  Defendant objected that the request seeks irrelevant information, is overly broad and unduly burdensome, and violates medical privacy rights.  *Id.* at 8-10.  Defendant then directed Plaintiff to the DOT web site where Defendant has reported all crashes/accidents for its vehicles as required by the Federal Motor Carrier Safety Administration.  *Id.* at 9-10.  After receiving Defendant's objections, Plaintiff narrowed the scope of its request to collisions involving Defendant's employees or drivers during the scope of their employment.  (Doc. 65-4) at 10.  The Court finds that even as rewritten this request is overly broad because it is not limited to incidents involving facts that are similar to those at issue in this case.  Moreover, the Court has already granted in part Plaintiff's Motion to Compel as to Interrogatory No. 14 which seeks similar information and has ordered Defendant to produce a list of cases from February 2020 to the present wherein its drivers, while working for Defendant, were accused of failing to engage the parking brake which caused

15

injuries or property damage.  Therefore, the Court denies the Motion to Compel as to this request.

### I.  Request for Production No. 33

Plaintiff asks Defendant to produce "[a]ll documents that explain what caused the subject incident."  (Doc. 65-2) at 11.  Defendant objected on the grounds the request is argumentative in asking Defendant "to endorse a particular view, idea, or approach."  *Id.* at 12.  In his Motion to Compel, Plaintiff does not explain what he means by "documents that explain what caused the subject incident" and merely states the request seeks information "related to how the subject crash occurred."  (Doc. 65) at 13.  The Court finds that the request is vague as to how documents can "explain" causation of an incident.  It is also overly broad if Plaintiff is seeking all documents "related to" the incident.  Rule 34 requires that each document production request "must describe with reasonable particularity each item" to be produced.  This request does not comply with that requirement and the Court denies the Motion to Compel as to RFP No. 33.

### J.  Request for Production No. 34

RFP No. 34 asks Defendant to produce all documents "that support any contention that the subject incident was the fault of any other party other than Defendants."  (Doc. 65-2) at 12. Defendant objected that this is an improper contention request.  *Id.*  Plaintiff argues it is not a contention request because he does not seek all facts or a narrative account, but only seeks documents Defendant will rely on for its defense that Plaintiff and/or a third party are at fault for the subject crash.  (Doc. 65) at 65.

"Contention interrogatories that systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that

supports the party's allegations, are an abuse of the discovery process because they are overly broad and unduly burdensome."  *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (citations omitted).  Interrogatories may not seek the equivalent of a narrative account of an opposing party's claims, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents.  *See Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404 (D. Kan. 1998).  Interrogatories may, however, ask for the material or principal facts that support a party's contention. *Valdez*, 240 F.R.D. at 404.

Applying the contention interrogatory standard to the document request at issue here, the Court finds that RFP No. 34 does not track all of Defendant's allegations and does not ask Defendant to provide a narrative account or apply law to facts.  The Court grants Plaintiff's Motion to Compel with respect to this interrogatory and overrules Defendant's objections. Defendant shall provide a supplemental response to this request.

### K.  Training Information and Materials

Finally, Plaintiff asks the Court to compel Defendant to produce training materials, policies, procedures, and guidelines given to its employees as requested in Interrogatory No. 18, and RFP Nos. 2, 8, 16, 24, 26, and 38.  (Doc. 65) at 14-15; (Doc. 92).  Interrogatory No. 18 asks Defendant to describe the initial and continuing training requirements for its drivers as of the date of the incident.  (Doc. 92) at 1.  RFP No. 2 asks Defendant to produce all employee handbooks, personnel policies and procedures, safety literature, safety programs, safety manuals, videos, company manuals, drivers handbooks, compliance manuals, or other materials pertaining to driver conduct, safety, training, from 2017 to 2022.  *Id.* at 3.  The remaining disputed RFPs ask for: RFP No. 8 - "any and all letters, newsletters, emails, blogs, literature, or other documents

distributed to [Defendant's] drivers between January 1, 2018 and February 10, 2022;" RFP

No. 16 - policies regarding distracted driving; RFP No. 24 - policies "dealing with the allowable

number of accidents, tickets, or moving violations" Defendant's drivers may have; RFP No. 26 -

documents distributed at every safety meeting attended by Defendant Mwangi from the time he

was hired to the present; and RFP No. 38 - policies in place at the time of the incident "regarding

preventing this sort of incident." *Id.* at 5-14.

Defendant responded to Interrogatory No. 18 that all new hires and tenured drivers must

"complete and satisfactorily pass all required CDL requirements, ELDT, DOT and Company

Safety and DOT Compliance training." *Id.* at 2.  Drivers also receive: Entry-Level Driver

Training, Employment Policies and Procedures Training, Driver Compensation and Benefits

Training, Safety and Security Training, Compliance Training, Risk Management Training,

Equipment Training, Operations Training, Maintenance Specific Procedures and Guidelines

Training, Fueling Training, Driver Resources Training, Hazardous Materials Company Policies,

OSHA Employee Training (Hazardous Communications Training), Hazardous Materials

Security Plan Training, Customs-Trade Partnership Against Terrorism Training, 3 Point of

Contact Training, Hours of Service, Inspection and Citation Training, Prohibited Drug and

Alcohol Misuse Policies and Procedures Training, DOT Drug and Alcohol Training FMCSR

Pocketbook, Hazardous Materials Compliance Pocketbook, and the P.A.M. Transport Driver

Manual. *Id.*  In response to RFP No. 2 Defendant produced two Operators Manuals and its

Driver Manual dated June 2021. *Id.* at 4.  As for the remaining RFPs, Defendant objected that

they seek irrelevant information and are vague, ambiguous, overly broad, unduly burdensome,

and disproportionate to the needs of this case and did not produce documents in response to these

18

requests.  *Id.* at 5-14.  Plaintiff states that Defendant later produced Defendant Mwangi's

personnel file, driver qualification file, and training file.  (Doc. 113) at 6.  Nevertheless, Plaintiff

argues these requests are proper and seeks additional documents in response to each request.  *Id.*

at 5-6.

 The Court finds that Defendant sufficiently responded to Interrogatory No. 18 by

describing the training requirements for its drivers.  No documents are required to be produced in

response to an interrogatory.  As for RFP Nos. 2, 8, 16, 22, 26, and 38, the Court finds they are

overly broad and seek irrelevant information to the extent they encompass all of Defendant's

handbooks, policies, procedures, and training materials.  However, the Court agrees with

Plaintiff that these requests are acceptable to the extent they seek policies, procedures, and

training materials relating to parking vehicles.  Plaintiff fails to explain how information relating

to other policies and procedures are relevant since both parties assert the collision was caused by

Defendant failing to set a parking brake.  Therefore, the Court grants the Motion to Compel in

part as to these RFPs and Defendant shall produce copies of its policies, procedures, and training

materials relating to requirements for parking vehicles.

### VI. Attorney's Fees

 If a Motion to Compel "is granted in part and denied in part, the court may … , after

giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R.

Civ. P. 37(a)(5)(C).  The parties have had an opportunity to be heard as Plaintiff included in his

Motion to Compel a request for an award of attorney's fees, arguing that Defendant's objections

and responses were not substantially justified.  (Doc. 65) at 16.  In exercising its discretion under

Rule 37(a)(5)(C), a court may consider the exceptions under Rule 37(a)(5)(A), which describe when

an award of expenses is not appropriate. *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 WL 4087272, at *2 (D. Nev.); *Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 2009 WL 10706594, at *5, n.6 (D.N.M.). Those exceptions are when: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Here, the Court has found that the majority of Defendant's objections and discovery responses were substantially justified. While both parties have shared in some degree to the voluminous discovery disputes in this case, this Motion to Compel in particular demonstrates that many of Plaintiff's discovery requests exceed the scope of discovery under Rule 26. Moreover, Plaintiff's practice of rewriting its discovery requests after receiving Defendant's objections is troubling and requires Defendant to essentially respond to two rounds of discovery for each request. As the Tenth Circuit has stated, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt*, 862 F.3d at 1047. The Court finds no circumstances that make apportioning an award of expenses unjust. Accordingly, the Court will require Plaintiff to pay Defendant seventy-five percent (75%) of its fees and costs incurred in responding to the Motion to Compel, including the supplemental briefing required by Plaintiff's supplemental exhibit.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel, (Doc. 65), is GRANTED IN PART. **By November 8, 2023**, Defendant shall produce supplemental responses to the interrogatories and requests for production as set forth above.

IT IS FURTHER ORDERED that Defendant is awarded attorney's fees and costs incurred in responding to the Motion to Compel.  Defendant shall file an affidavit itemizing its reasonable fees and expenses for the Court's consideration by **November 13, 2023**.  If Plaintiff wishes to contest the reasonableness of any expenses claimed by Defendant, its objections shall be due **within five (5) days** of Defendant filing its affidavit.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

21