IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TANNER BOOKER,

    Plaintiff,

v.                                                                     No. 2:23-cv-18 WJ/KRS

P.A.M. TRANSPORT, INC., and
IAN MURIUKI MWANGI,

    Defendants.

**ORDER FINDING AS MOOT DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND DENYING PLAINTIFF'S MOTION FOR HEARING**

THIS MATTER is before the Court on Defendant P.A.M. Transport, Inc.'s Motion for Protective Order, (Doc. 108), filed August 18, 2023. Plaintiff filed a response on September 12, 2023, and Defendant P.A.M. Transport, Inc. ("Defendant") filed a reply on October 3, 2023. (Docs. 131, 143). Also before the Court is Plaintiff's Motion for Oral Argument on Defendant's Motion for Protective Order, (Doc. 155), filed October 11, 2023. Defendant filed a response to the Motion for Oral Argument on October 17, 2023, and Plaintiff filed a reply on October 31, 2023. (Docs. 158, 169). Having considered the parties' briefing, the record of the case, and relevant law, the Court finds the Motion for Protective Order is moot and denies the Motion for Oral Argument, as set forth below.

    **I.    Background**

Plaintiff brings claims against Defendants stemming from injuries sustained in an accident. (Doc. 1-1). Plaintiff is a commercial driver and was parked at a truck stop in Deming, New Mexico on February 10, 2022 when a P.A.M. Transport, Inc. tractor-trailer rolled into Plaintiff's trailer. *Id.* at 3. Plaintiff alleges that the driver of the tractor-trailer, Defendant Mwangi, failed to set his parking brake, and that Plaintiff has suffered personal injuries and lost

income. *Id.* at 4. Plaintiff brings claims for negligence, respondeat superior, negligent entrustment, and negligent hiring, supervision, retention, and training. *Id.*

In its Motion for Protective Order, Defendant P.A.M. Transport, Inc. ("Defendant") asks the Court for an order prohibiting Plaintiff's Amended Notice of Video Deposition of Defendant pursuant to Fed. R. Civ. P. 30(b)(6). (Doc. 108) at 1. The Amended Notice of Deposition was served on Defendant on August 8, 2023, and noticed a deposition of Defendant's corporate representative for August 29, 2023. (Doc. 108-1). On August 18, 2023, Defendant filed a Notice of Non-Appearance and the Motion for Protective Order, and on the same day Plaintiff vacated the 30(b)(6) deposition. (Docs. 102, 105, 108). In the Motion for Protective Order, Defendant argues the deposition notice seeks privileged and protected information, including attorney work product, HIPAA protected medical information, information contained in the DOT register, and financial information. (Doc. 108) at 3. Further, Defendant argues the notice is overly broad and seeks irrelevant information such as training materials that have no nexus to the accident or Defendant Mwangi, and is unduly burdensome, is an improper "fishing expedition," seeks cumulative information, and is disproportionate to the needs of this case. *Id.* at 4.

In response, Plaintiff contends the Motion for Protective Order is moot because the deposition at issue has been vacated and argues that Defendant did not confer in good faith prior to filing the Motion for Protective Order. (Doc. 131) at 2. Plaintiff states that on September 11, 2023, it provided Defendant a Second Amended Notice of Deposition, that is not objectionable. *Id.*; (Doc. 131-7). Plaintiff also addresses some of Defendant's objections to the Amended Notice of Deposition. (Doc. 131) at 7-23.

In reply, Defendant argues that Plaintiff withdrew the 30(b)(6) deposition notice "in bad faith" because it knew Defendant was preparing a lengthy motion for a protective order and Plaintiff waited until Defendant filed its Notice of Non-Appearance for the deposition before vacating the deposition. (Doc. 143) at 1-2. Defendant states it conferred in good faith before filing the Motion for Protective Order because it had sent Plaintiff a 26-page letter in July attempting to resolve issues with Plaintiff's original deposition notice and was engaged in numerous discovery conferences with Plaintiff's counsel before filing the Motion. *Id.* at 2. Defendant agrees that its Motion is now moot since the deposition has been vacated, but it maintains that it should be awarded attorney's fees and costs incurred in briefing the Motion. *Id.* at 3. Finally, Defendant maintains that Plaintiff seeks improper topics for a 30(b)(6) deposition. *Id.* at 4-12.

## II.     Motion for Oral Argument

The Court first addresses Plaintiff's Motion for Oral Argument, in which Plaintiff asks the Court for a hearing "given the significant briefing on the issues." (Doc. 155). Defendant opposes the motion stating that oral argument is unnecessary because the briefing is adequate and Plaintiff has not identified any complex, unusual, or unresolved issues requiring a hearing. (Doc. 158). In reply, Plaintiff states that oral argument is needed to address the topics Plaintiff's proposed Rule 30(b)(6) deposition notice to which Defendant objects. (Doc. 169) at 1. Plaintiff asserts: "Because Defendant P.A.M. refuses to work with Plaintiff to resolve its myriad objections to Plaintiff's proposed topics for deposition, oral arguments are warranted." *Id.* at 3. Plaintiff also argues the parties' discovery disputes are complex and they disagree about the scope of discovery. *Id.* at 4.

The Court does not find that oral argument will be useful to resolve Defendant's Motion for Protective Order.  As explained below, the Motion is moot due to Plaintiff's withdrawal and rewriting of the deposition notice at issue in the Motion.  To the extent Plaintiff would like to address its proposed Second Amended Notice, which is attached to Plaintiff's response brief, the Court will not give an advisory opinion about a deposition notice that has not been served and to which the opposing party has not had a chance to object.  As for Plaintiff's assertion that Defendant "refuses to work with" Plaintiff to develop a reasonable deposition notice, the record does not support such a finding.  To the contrary, in response to Plaintiff's first Rule 30(b)(6) deposition notice, Defendant provided Plaintiff with a 26-page conferral letter outlining its objections.  Nevertheless, Plaintiff's Second Amended Notice still contained many of those disputed topics.  Defendant has assured Plaintiff that it "does not seek to prevent Plaintiff from taking a 30(b)(6) deposition" and it "seeks only to prevent 30(b)(6) topics that bear no nexus, are not proportionate to the need, or fail to comply with the 'reasonable particularity' standard." (Doc. 143) at 4.  The Court finds this reasonable and encourages the parties to work together on a 30(b)(6) deposition notice that meets this standard.  Moreover, the Court has recently issued several orders on the parties' discovery motions that should further direct the parties as to the proper parameters of discovery in this case.  For these reasons, the Court denies Plaintiff's Motion for Oral Argument.

### III.   Motion for Protective Order

The parties agree that Defendant's Motion for Protective Order is moot because Plaintiff withdrew the Amended Notice of Deposition, to which the Motion was directed.  (Doc. 131) at

2; (Doc. 143) at 3.  Accordingly, the Court must deny Defendant's Motion for Protective Order as moot.

Regarding Plaintiff's Second Amended Notice of Deposition, the notice is filed as an attachment to Plaintiff's brief responding to Defendant's Motion for Protective Order and as such is not properly before the Court.  Indeed, Defendant has not had a chance to object to or brief the topics in the Second Amended Notice and, regardless, the Court cannot issue a hypothetical or advisory opinion.  *See Rajala v. Gardner*, 2012 WL 1232298, at *12 (D. Kan.) (unpublished) ("The nature of future deposition questions and the scope of the waiver have not been adequately briefed by the parties and the court declines to issue an advisory opinion concerning the parameters of the deposition.").  The Court can, however, reiterate clear law in this district and circuit regarding 30(b)(6) depositions.  Counsel must "confer in good faith regarding the scheduling of depositions before serving notice of deposition," and notices of deposition directed to an organization "must describe with reasonable particularity the matters for examination."  D.N.M. LR-Civ. 30.1; Fed. R. Civ. P. 30(b)(6).  "The [entity] must produce fully prepared and knowledgeable witnesses on the topics designated, but the questioning party must be specific in what it wants to know."  *Peshlakai v. Ruiz*, 2014 WL 459650, at *25 (D.N.M.).  Moreover, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that … the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]"  Fed. R. Civ. P. 26(b)(2)(C); *see also* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]").

Accordingly, the Court finds Defendant's Motion for Protective Order is moot and directs the parties to work together to develop a reasonable notice of deposition. Any future notice should take into account the Court's previous rulings on the parties' discovery disputes.

## IV.     Attorney's Fees

Defendant asks the Court to award it attorney's fees and costs incurred in bringing the Motion for Protective Order, arguing that Plaintiff withdrew the deposition notice in bad faith because Plaintiff knew Defendant was going to file the Motion for Protective Order and waited until after Defendant filed its notice of non-appearance before withdrawing the deposition notice. (Doc. 143) at 1-2. Plaintiff argues that Defendant did not satisfy its duty to meet and confer in good faith prior to filing its Motion. (Doc. 131) at 2-4.

Defendant's Motion for Protective Order is an extensively briefed motion, necessitated by the breadth of the now-withdrawn Amended Notice of Deposition. *See* (Doc. 108-1). Nevertheless, Defendant's conferral letter was sent to Plaintiff *before* the Amended Notice of Deposition was served and referred to an earlier deposition notice. While Defendant points out the amended notice contained many of the same objectionable topics as the original notice, Defendant was still required to confer with Plaintiff prior to filing its Motion for Protective Order. Indeed, Rule 37 prohibits ordering the payment of expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5)(A)(i). Defendant's July 4, 2023 letter is not sufficient because it did not specifically notify Plaintiff as to what objections Defendant had to the Amended Notice of Deposition. Accordingly, the Court denies Defendant's request for attorney's fees.

IT IS THEREFORE ORDERED that the Court finds Motion for Protective Order, (Doc. 108), is MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion for Oral Argument on Defendant's Motion for Protective Order, (Doc. 155), is DENIED.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE