IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TANNER BOOKER,

    Plaintiff,

v.                                                                                                                No. 2:23-cv-18 WJ/KRS

P.A.M. TRANSPORT INC., and
IAN MURIUKI MWANGI,

    Defendants.

### ORDER DENYING DEFENDANT'S MOTION TO COMPEL (Doc. 147)

THIS MATTER is before the Court on Defendants' Motion to Compel Releases and for Discovery Sanctions, filed October 5, 2023. (Doc. 147). Plaintiff filed a response on October 19, 2023, and Defendants filed a reply on October 26, 2023. (Docs. 162, 166). Having considered the parties' briefing, the record of the case, and relevant law, the Court denies the Motion to Compel.

Plaintiff brings claims against Defendants stemming from injuries sustained in an accident. (Doc. 1-1). Plaintiff is a commercial driver and was parked at the Petro Truckstop in Deming, New Mexico when a P.A.M. Transport, Inc. tractor-trailer rolled into Plaintiff's trailer. *Id.* at 3. Plaintiff alleges that the driver of the tractor-trailer, Defendant Mwangi, failed to set his parking brake, and that Plaintiff has suffered personal injuries and lost income. *Id.* at 4.

In the Motion to Compel, Defendants state that Plaintiff provided an incorrect social security number ("SSN") in his HIPPA medical authorization as part of his initial disclosures. (Doc. 147) at 1-2. Plaintiff's counsel also objected to providing a mental health release because Plaintiff was not making claims regarding his mental health at the time of his initial disclosures. *Id.* at 2. Defendants argue that Plaintiff is culpable for providing false information and making a misrepresentation to Defendants, and state they have been unable to obtain Plaintiff's medical

records or bills due to the incorrect SSN.  *Id.* at 5.  Defendants further argue that Plaintiff now asserts that he suffered from post-traumatic stress disorder as a result of the incident, so he should provide a release for mental health records.  *Id.* at 6.  Defendants ask the Court to compel Plaintiff to provide a corrected HIPPA medical release and a mental health release, and they ask for sanctions to be imposed on Plaintiff, including dismissal of Plaintiff's newly asserted mental health claims and/or dismissal of the entire case.  *Id.* at 2-6.

Plaintiff responds that the Motion to Compel is now moot as he has provided the requested releases.  (Doc. 162) at 1.  Plaintiff explains that the incorrect SSN was an unintentional typographical error and he provided Defendants the correct SSN via phone on July 14, 2023.  *Id.* at 1-2; (Doc. 162-1).  Plaintiff states he was not aware of a problem with the HIPAA release until October 5, 2023, when Defendants notified Plaintiff's counsel of their intent to file this Motion to Compel.  Plaintiff then provided updated HIPAA releases for his medical and mental health records that same day.  *Id.* at 3-4.  Plaintiff argues that sanctions should not be assessed against him and asks the Court to award him attorney's fees and costs incurred in responding to the Motion to Compel.  *Id.* at 7-14.

In their reply, Defendants state their Motion to Compel is not moot because Plaintiff modified the HIPAA release form for his medical records by adding language stating the form "does not authorize release of any records concerning or related to any alcohol, drug, HIV or psychiatric care, testing, or treatment."  (Doc. 166) at 1-2; (Doc. 166-1).  Defendants argue the Court's rules do not permit alteration of this form without providing notice or making objections and claim Plaintiff "is attempting to mislead and deceive" because the altered form is very similar to the Court's form.  (Doc. 166) at 2-3.  Defendants argue that Plaintiff's mental health

release does not resolve the problem because none of Plaintiff's providers are mental health providers, so Defendants must use the altered medical release form, which prevents obtaining mental health records. *Id.* at 3. Defendants accuse Plaintiff of "successfully concoct[ing] a scheme to give the illusion of compliance, while effectively depriving the defense of the information they are entitled [to]." *Id.* Defendants contend Plaintiff's psychiatric records, as well as records about his alcohol and drug use and HIV status, are relevant because Plaintiff has placed his mental and physical condition at issue and alleges cognitive, behavioral, and sexual impairment. *Id.* at 3-4. Accordingly, Defendants seek a properly executed HIPAA medical release and discovery sanctions up to and including dismissal of Plaintiff's claims. *Id.* at 7-8.

Defendants object to the HIPAA medical release Plaintiff provided Defendants on October 5, 2023 because they assert Plaintiff edited the Court's form to state it does not authorize release of records relating to alcohol, drug, HIV or psychiatric care, testing, or treatment. (Doc. 166) at 1-2. However, this language is included in the Court's "Local Form 1" HIPAA release for medical records—it was not added by Plaintiff. *See* USDC D.N.M. LR-Civ. Local Form 1, Page 1 (last amended October 1, 2020). While earlier versions of the Court's local rules may not have included this language, it is part of the current version of the form and Plaintiff did not add the language to which Defendants object. Accordingly, the Court rejects Defendants' assertion that Plaintiff improperly edited the Court's medical release form. Defendants also argue they cannot obtain Plaintiff's mental health records because he has not sought treatment from a mental health provider, but they fail to provide support for this assertion. Defendants do not state that Plaintiff's medical providers have refused to release his mental health records, and the Court's mental health records release form is not limited to mental health

3

providers only.  *See* USDC D.N.M. LR-Civ. Local Form 2.  As for Defendants' assertion that they should be able to obtain records relating to alcohol and drug use and HIV status, Defendants improperly make this request in a reply brief.  If Defendants seek this information, they must file a motion in compliance with the federal and local rules, setting forth an argument for its relevance and allowing Plaintiff an opportunity to respond.

Because Plaintiff has provided the requested medical and mental health records releases, the Court denies Defendants' Motion to Compel.  The Court further denies Defendants' request for sanctions.  Plaintiff has sufficiently explained that the medical release he initially provided contained a typographical error and that Plaintiff provided a corrected medical release along with a mental health release on October 5, 2023—the same day Defendants notified Plaintiff they intended to file a motion to compel.  *See* (Doc. 162) at 3-4; (Doc. 162-7).  Defendants provide no support for their assertion that Plaintiff was aware of the issue with the medical release prior to October 5, 2023, other than speculating that Plaintiff should have known the release had the wrong SSN because Plaintiff's counsel also provided an incorrect SSN in a phone call relating to a different discovery dispute.  *See* (Doc. 166) at 5.  The Court finds this insufficient to impose sanctions against Plaintiff, especially sanctions as drastic as dismissal of his claims.

Finally, the Court considers Plaintiff's request for fees and costs incurred in responding to Defendants' Motion to Compel.  (Doc. 162) at 14.  Pursuant to Rule 37(a)(5) (B), if a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make

an award of expenses unjust." Defendants had an opportunity to respond to Plaintiff's request for fees since Plaintiff raised the issue in response to Defendants' Motion to Compel. *See* (Doc. 162) at 1, 14-15. The Court finds the Motion to Compel was not substantially justified because Plaintiff provided the requested releases within hours of being notified of the motion, which Plaintiff states is the first time he learned the releases were deficient. *See* (Doc. 162) at 3-4; (Docs. 162-1, 162-5, 162-6, 162-7). Indeed, Defendants do not assert that they notified Plaintiff's counsel that the HIPAA release was incorrect or of any difficulty collecting medical records prior to October 5, 2023. After receiving the releases, Defendants did not withdraw the Motion to Compel, and instead raised a meritless argument that the releases were edited. The Court also finds no circumstances that make an award of expenses unjust. Therefore, the Court will order Defendants to pay Plaintiff reasonable attorney's fees and expenses incurred in responding to the Motion to Compel.

    IT IS THEREFORE ORDERED that Defendant's Motion to Compel Releases and for Discovery Sanctions, (Doc. 147), is DENIED.

    IT IS FURTHER ORDERED that Plaintiff is awarded attorney's fees and costs incurred in responding to the Motion to Compel. Plaintiff shall file an affidavit itemizing his reasonable fees and expenses for the Court's consideration by **January 19, 2024**. If Defendants wish to contest the reasonableness of any expenses claimed by Plaintiff, their objections shall be due **within five (5) days** of Plaintiff filing his affidavit.

    IT IS SO ORDERED.

*[signature: Kevin Sweazea]*
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE