IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TANNER BOOKER,

      Plaintiff,

vs.                                                                 No. 2:23-cv-00018-WJ-KRS

P.A.M. TRANSPORT, INC.,
AND IAN MURIUKI MWANGI,

      Defendants.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT ON PUNITIVE DAMAGES**

THIS MATTER is before the Court on Defendants' Motion for Partial Summary Judgment on Punitive Damages (Doc. 71). The Court will deny the Motion under Fed. R. Civ. P. 56(d) on the grounds that the record is insufficiently developed for the Court to rule on the Motion and summary judgment would be premature at this point. The Court denies the Motion without prejudice to refiling at a later stage of the proceedings on a more-fully developed record.

**1. PROCEDURAL AND FACTUAL BACKGROUND**

This lawsuit arises out of injuries alleged to be suffered by Plaintiff Tanner Booker at the Petro Truckstop in Deming, NM on February 10, 2022. At the time of the crash Plaintiff Booker was in his Dodge Ram pick-up truck in the parking lot of the Petro Truckstop. His vehicle was hit by a semi tractor-trailer truck owned by Defendant P.A.M. Transport, Inc., Defendant Mwangi was working as the driver of the P.A.M. Transport vehicle at the time of the crash. (Doc. 1-1 at 3).

Plaintiff Booker filed suit in the Sixth Judicial District Court, State of New Mexico, on December 6, 2022. (Doc. 1-1). The Complaint alleges state-law claims of negligence, respondeat superior, negligent entrustment, negligent hiring, supervision, retention, and training,

1

and punitive damages. (Doc. 1-1). Defendant P.A.M. Transport removed the case to this Court on January 9, 2023, based on diversity of citizenship jurisdiction. (Doc. 1).

Defendants filed a Motion for Partial Summary Judgment on Punitive Damages on July 13, 2023. (Doc. 71). Defendants seek partial summary judgment on the grounds that there is no evidence that Defendant Mwangi acted with a culpable mental state and, even if there was such evidence, there is no causal connection between any bad acts by Mwangi and the injuries sustained by Plaintiff Booker. (Doc. 71). Plaintiff Booker responded to the Motion for Partial Summary Judgment on August 8, 2023. (Doc. 90). Plaintiff contends that there are genuine issues of material fact and that, due to the early stage of the proceedings, the evidence is not presently available or sufficiently developed, making summary judgment premature. (Doc. 90). Plaintiff filed the Affidavit of Deena L Buchanan in support of his argument that summary judgment is premature at this point because the evidentiary record has not been fully developed. (Doc. 90-1). Defendants replied arguing that there are no disputed facts and partial summary judgment is appropriate on the punitive damages claim. (Doc. 110).

This case is in the discovery stage of proceedings. There is a scheduling order in place setting October 14, 2024, as the termination date for discovery and November 4, 2024, as the deadline for dispositive motions. (Doc. 202).

## 2. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A disputed fact is 'material' if it might affect the outcome of the suit under the governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Est. of Beauford v. Mesa Cnty., Colorado*, 35 F.4th 1248, 1261 (10th Cir.

2022) (citation omitted). "The summary judgment standard requires [the Court] to construe the facts in the light most favorable to the nonmovant and to draw all reasonable inferences in its favor." *Id.*

"The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact, but once the moving party has done so, the burden shifts to the non-movant to establish a genuine issue of fact." *Georgelas v. Desert Hill Ventures, Inc.*, 45 F.4th 1193, 1197 (10th Cir. 2022). A defendant—or party *not* bearing the burden of persuasion at trial—may also move for summary judgment "by pointing out to the court a lack of evidence on an essential element of the nonmovant's claim." *Libertarian Party of NM v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). When faced with this type of challenge, the nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case." *SEC v. Thompson*, 732 F.3d 1151, 1157 (10th Cir. 2013) (quoting *Celotex*, 477 U.S. at 322).

To make this showing, the nonmoving party must set forth specific facts on which a jury could reasonably find for the plaintiff. *Farnsworth v. Town of Pinedale, Wyo.*, 968 F.2d 1054, 1056 (10th Cir. 1992). These specific facts must be identified by reference to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, and other materials." Fed. R. Civ. P. 56©(1)(A). But the nonmoving party need not definitively prove each element; rather, the nonmovant need only establish "an inference of the presence of each element essential to the case." *Bausman v. Interstate Brands Corp.*, 252 F.3d

1111, 1115 (10th Cir. 2001). That said, "a complete failure of proof concerning an essential element of the nonmoving party's case" will entitle the movant to judgment as a matter of law. *Celotex*, 477 U.S. at 322-23.

### 3. LAW ON PUNITIVE DAMAGES

Under New Mexico law, punitive damages may be awarded if the conduct of an individual defendant is found to be malicious, willful, reckless, wanton, fraudulent, or in bad faith. NM UJI-Civ. 13-1827. Punitive damages may also be awarded against an individual's employer if the individual defendant was acting in the scope of his employment at the time of the conduct. NM UJI-Civ. 13-1827. Malicious conduct is defined as the intentional doing of a wrongful act with knowledge that the act was wrongful. Willful conduct is the intentional doing of an act with knowledge that harm may result. Reckless conduct is the intentional doing of an act with utter indifference to the consequences. When there is a high risk of danger, conduct that breaches the duty of care is more likely to demonstrate recklessness. Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's safety. NM-UJI-Civ. 13-1827; *Clay v. Ferrellgas, Inc.,* 881 P.2d 11, 14 (1994); *Gonzales v. Surgidev Corp.*, 899 P.2d 576, 590-91 (1995); *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1250 (10th Cir. 2000).

The purposes of punitive damages are to punish the tortfeasor for wrongdoing and to serve as a deterrent. *Sanchez v. Clayton*, 117 N.M. 761, 766, 877 P.2d 567, 572 (1994). Punitive damages are not appropriate for mere inadvertence, mistake, errors of judgment, mere negligence or even for gross negligence. *See Clay v. Ferrellgas, Inc.*, 881 P.2d at 14. Punitive damages are awarded for the limited purpose of punishment and only when compensatory damages seem inadequate to satisfy the wrong committed. *Sweitzer v. Sanchez*, 456 P.2d 882, 885 (N.M. Ct. App. 1969) (citations omitted).

## 4. ANALYSIS

Defendants seek partial summary judgment on Plaintiff's claim for punitive damages. Defendants contend that partial summary judgment is appropriate because there is no evidence demonstrating a culpable mental state on the part of Defendant Mwanji and no evidence establishing a causal connection between any culpable conduct of Defendant Mwanji and the injuries or damages claimed by Plaintiff Booker. (Doc. 71). To establish entitlement to partial summary judgment on punitive damages, Defendants must demonstrate that there are no genuine issues of material fact and there is a complete absence of evidence of culpable mental conduct. Fed. R. Civ. P. 56(a); *Clay v. Ferrellgas, Inc.,* 881 P.2d at 14.

Plaintiff has responded that at this stage of the proceedings, discovery is not complete, evidence is not currently available to contest the motion, and the record is not sufficiently developed for the Court to determine whether summary judgment should or should not be granted. (Doc. 90). Under Fed. R. Civ. P. 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify the opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

In this case, the non-movant Plaintiff has shown by affidavit that, at this stage of the proceedings, the essential facts are insufficiently developed to justify the opposition. (Doc. 90-1). Discovery in this case will not close until October 14, 2024, and dispositive motions are not due until November 4, 2024. (Doc. 202). Therefore, at this time the Court will deny the motion without

prejudice to refiling of the motion at a later stage of the proceedings when the evidence is more fully developed through discovery.

    **IT IS ORDERED** that the Defendants' Motion for Partial Summary Judgment on Punitive Damages (**Doc. 71) is DENIED without prejudice** to refiling later in the proceeding on a more fully developed record**.**

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE