IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TANNER BOOKER,

    Plaintiff,

v.                                                                                                 No. 2:23-cv-18 WJ/KRS

P.A.M. TRANSPORT, INC., and
IAN MURIUKI MWANGI,

    Defendants.

**ORDER GRANTING IN PART EXPEDITED MOTION TO COMPEL RULE 35 MEDICAL EXAM (Doc. 216) AND MOTION FOR PROTECTIVE ORDER (Doc. 220)**

THIS MATTER is before the Court on Defendants' Expedited Motion for Rule 35 Medical Exam of Plaintiff, filed August 5, 2024. (Doc. 216). Pursuant to the Court's Order for Expedited Briefing, Plaintiff filed a response on August 12, 2024, and Defendants filed a reply on August 16, 2024. (Docs. 217, 219, 221). Also before the Court is Plaintiff's Motion for Protective Order, (Doc. 220), filed August 12, 2024. Having considered the parties' briefing, the record of the case, and relevant law, the Court grants in part Defendants' Motion for Rule 35 Medical Exam of Plaintiff, (Doc. 216), and Plaintiff's Motion for Protective Order, (Doc. 220).

**I.    Background**

Plaintiff brings claims against Defendants stemming from injuries sustained in an accident. (Doc. 1-1). Plaintiff is a commercial driver and was parked at a truck stop in Deming, New Mexico on February 10, 2022, when a P.A.M. Transport, Inc. tractor-trailer rolled into Plaintiff's trailer. *Id.* at 3. Plaintiff alleges that the driver of the tractor-trailer, Defendant Mwangi, failed to set his parking brake, and that Plaintiff has suffered personal injuries and lost income. *Id.* at 4. Plaintiff brings claims for negligence, respondeat superior, negligent entrustment, and negligent hiring, supervision, retention, and training. *Id.*

Defendants ask the Court to enter an order compelling Plaintiff to undergo a Rule 35 Medical Exam (Neuropsychological) ("IME") with John H. King in Albuquerque, New Mexico. (Doc. 216). Defendants ask that Plaintiff travel to Albuquerque from his home in Arizona for the exam, complete a written history questionnaire prior to the appointment, and that the exam occur over a single day from 8:30 a.m. to 5:00 p.m. with a 30 to 45-minute lunch break. *Id.* at 4. If Plaintiff is unable to tolerate a full day, Defendants ask that the exam be terminated early and a make-up day scheduled. Defendants further state that Plaintiff may have a relative, girlfriend, or close friend present for emotional support, but that person must remain silent throughout the interview and exam process. Defendants seek an order prohibiting attorneys, legal staff, and treating physicians from being present, and stating that no recording of the IME will take place. *Id.* at 4-5. Following the exam, Dr. King will deliver a copy of his report in writing, "including diagnoses, conclusions, and the results of any tests" pursuant to Fed. R. Civ. P. 35(b)(2). *Id.* at 5. Defendants ask the Court to award them attorneys fees incurred in bringing this Motion to Compel. *Id.* at 14.

Plaintiff opposes the Motion to Compel as to conducting the examination in Albuquerque, stating that he already traveled to Albuquerque from Phoenix for his deposition and Defendants could have scheduled the IME at that time. (Doc. 219) at 2. Plaintiff also opposes an eight-hour examination with only one break due to Plaintiff's brain injury. *Id.* at 3. Plaintiff argues that video recording of the examination should be permitted so that Plaintiff's experts "may evaluate the appropriateness of Dr. King's interactions with Mr. Booker, his manner of questioning, and record Mr. Booker's actual responses." *Id.* Plaintiff further contends that Defendants should be required to produce to Plaintiff the raw test data, Plaintiff's answers to

2

questions, and records collected during the examination. *Id.* at 3-4. Plaintiff raises the same arguments in his Motion for Protective Order as he does in his response to the Motion to Compel Exam. *See* (Doc. 220).

In their reply, Defendants maintain that it is appropriate to require Plaintiff to travel to New Mexico for his IME since he chose this district as the forum for his lawsuit. (Doc. 221) at 2-6. Defendants also maintain that only one support person should be allowed to accompany Plaintiff, and that the exam should not be limited in duration as Plaintiff proposes. *Id.* at 6-8. Defendants oppose recording the IME, and state that Dr. King will produce all required information under Rule 35, but that does not include all raw data, tests, and records from the examination. *Id.* at 9-12.

## II.   Discussion

Rule 35 provides that a court may order "a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "The order ... may be made only on motion for good cause and ... must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). The party requesting the examination must affirmatively demonstrate both that the physical or mental condition of the party to be examined is "in controversy" and that "good cause" exists for the examination. *Schlangenhauf v. Holder*, 379 U.S. 104, 117 (1964); *O'Sullivan v. Rivera*, 229 F.R.D. 184, 186 (D.N.M. 2004); *Pepe v. Casa Blanca Inn & Suites, LLC*, 2019 WL 10960399, at *1-2 (D.N.M.) (unpublished). In addition, courts have broad authority under Rule 26(c) to limit or otherwise control discovery, including psychological examinations authorized pursuant to Rule 35. *See*

*Greenhorn v. Marriott Int'l, Inc.*, 216 F.R.D. 649, 653 (D. Kan. 2003); *Stoner v. New York City Ballet Co.*, 2002 WL 31875404, at * 3 (S.D.N.Y.). In determining whether an examination should be permitted and on what terms, the court must determine whether good cause has been shown to justify the request. *Id.* (citations omitted).

Here, Plaintiff does not dispute that a Rule 35 mental examination is proper since Plaintiff's mental condition is at issue. (Doc. 219) at 1. Instead, Plaintiff raises the following objections to the IME: (1) that it would be a hardship for him to travel to Albuquerque, New Mexico for the IME; (2) that he is unable to undergo an eight-hour examination with only one break; (3) that the IME should be video recorded; and (4) that Defendants should produce the raw test data, Plaintiff's answers to questions, and records collected during the examination. (Docs. 219, 220).

### A. Travel to New Mexico

Plaintiff argues that requiring him to travel from Phoenix, Arizona to Albuquerque, New Mexico for an IME would be an undue burden and financial hardship and notes that he already traveled to New Mexico for his deposition in April 2024. (Doc. 219) at 2, 6-8; (Doc. 220) at 3. The general rule is that plaintiffs are required to bear the costs and difficulties of travel, including travel from other forums. *Pepe*, 2019 WL 10960399, at *1. While Plaintiff contends Defendants knew of his brain injury since well before his deposition and could have scheduled the IME at the time of the deposition, Plaintiff points to no authority that provides that a plaintiff is relieved from his burden of traveling for an IME if he attends an in-person deposition in the forum. Moreover, Defendants note that Plaintiff and his counsel were only available for one day during a two-month period around the time of Plaintiff's deposition. Plaintiff initiated this

lawsuit and put his mental condition at issue so he must now submit to discovery, including an IME, and will necessarily incur expenses and costs in the process. *See Pearson v. Progressive Direct Insur. Co.*, 2010 WL 11622781, *2 (D.N.M.) ("A party is not entitled to file a lawsuit and then object to the discovery process because it will be inconvenient or because participation in discovery will cause him to lose money."). Accordingly, the Court will order Plaintiff to travel to Albuquerque, New Mexico for the IME. *See Hatchett v. United Parcel Serv. Inc.*, 2014 WL 12792348, *2 (D.N.M.) (requiring out of state plaintiff to travel to Albuquerque for IME where there was no evidence of financial hardship or physical inability to travel); *Jones v. Greyhound Lines, Inc.*, 2009 WL 1650264, *5 (D. Kan.) ("Absent a clear showing that plaintiff is indigent, Plaintiff will be required to pay for his own transportation to the [IME] examination."); *Maes v. Progressive Direct Insur. Co.*, 2019 WL 998811, *3 (D.N.M.) (concluding that travel expenses were not reimbursable).

### B. Length of Examination

Next, Plaintiff objects to the proposed eight-hour examination day with only one break. (Doc. 219) at 3, 5-6; (Doc. 220) at 4. Plaintiff states that the American Psychological Association's guidelines set forth "reasonable testing duration" accommodations that Dr. King should follow here due to Plaintiff's brain injury. Plaintiff attaches an affidavit from Dr. Rebekah Khan, a forensic psychologist, who suggests using a testing schedule of up to two hours with a 45-minute to one-hour break, and no more than four hours of testing per day. (Doc. 219) at 5-6; (Doc. 219-3).

Defendants ask for an eight-hour IME with a 30-45 minute lunch break. (Doc. 216-1) at 1. Defendants oppose limiting the IME to four hours because it would limit the ability of

Defendants to conduct a full exam and would limit Plaintiff's ability to explore any concerns during the exam. (Doc. 216) at 11. The Court finds that a limitation of only allowing up to two hours of testing at a time would not be appropriate and would unfairly limit the number of tests that can be administered and place an unreasonable time pressure on Plaintiff and the examiner, especially considering the seriousness and extent of the injuries Plaintiff alleges. *See Greenhorn*, 216 F.R.D. at 654 (denying the plaintiff's request to limit the IME to two hours "particularly given the seriousness and extensiveness of the injuries allegedly sustained by plaintiff"); *Stoner*, 2002 WL 31875404, at *5 (rejecting the plaintiff's request that the IME be limited to two ninety-minute sessions and permitted examiner to conduct examination in two four-hour sessions in part because of the seriousness of allegations made by plaintiff). Considering Plaintiff's concern with undergoing eight hours of testing in one day, and Defendants' proposal to conduct the IME over two days, *see* Doc. 116 at 4, the Court will order that the IME take place over two days with a maximum of four hours of testing each day. Plaintiff may take two breaks during the four hours of testing, and they shall be no longer than 20 minutes and will not count against the four hours of testing.

**C. Video Recording**

Plaintiff asks the Court to permit video recording of the entire IME "to ensure transparency and accuracy in reporting." (Doc. 219) at 3, 8-9; (Doc. 220) at 4-5. Defendants oppose this request because the IME "should be free from the adversarial insertion of recording devices" and the presence of a videographer could influence the exam. (Doc. 221) at 9-11. Most federal courts do not allow the presence of counsel or video recording at an IME absent special circumstances. *Hatchett*, 2014 WL 12792348 at *2 (recognizing that videotaping has the

potential to interfere with the examination); *Romero v. Bradford*, 2009 WL 10708259, *3-4 (D.N.M.) (discussing reasons courts disallow videotaping at IME).  Plaintiff alleges no special circumstances here other than wanting to evaluate the appropriateness of the IME and stating that the AP Guidelines recommend recording forensic examinations.  (Doc. 219) at 9-10.  Therefore, the Court denies Plaintiff's request to record the IME.  *See Stanisavljevic v. Standard Fire Ins. Co.*, 2024 WL 2830949, at *14 (D. Colo.) ("Showing that recording [an IME] is necessary requires more than a general distrust of Defendant or its counsel; it requires facts to support that the examiner will use inaccurate or unreliable techniques.") (citations omitted).

    **D.  Production of Data and Records**

Plaintiff also asks the Court to require Defendants to produce post-examination test results, including "all data, tests, documents, and forms related to the Rule 35 examination." (Doc. 219) at 3, 11; (Doc. 220) at 5-6.  Plaintiff contends this information "may ensure an informed cross-examination by Plaintiff's counsel of Defendant's expert, and the absence of such information would inhibit Plaintiff's ability to try his case on the information available." (Doc. 220) at 6.

Rule 35 requires that the party who moved for the IME provide a copy of the examiner's report, together with like reports of all earlier examinations of the same condition.  Fed. R. Civ. P. 35(b)(1).  The report must be in writing and set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests.  Fed. R. Civ. P. 35(b)(1)-(2).  To the extent Plaintiff is seeking information beyond what Rule 35 requires, he fails to provide support for requiring such disclosure.  The Court denies this request.  *See Pearson*, 2010 WL 11622781 at *2 (Rule 35 does not impose production of notes and documents).  Should Defendants rely on

the IME physician as an expert, then Defendants must comply with Rule 26 requirements by the appropriate case management deadlines.  *See* Fed. R. Civ. P. 26(a)(2)(B) (providing that a Rule 26 expert report must include, *inter alia*, a statement of all opinions the witness will express and the basis and reasons for them, the facts or data considered by the witness in forming them, and any exhibits that will be used to summarize or support them).

### E.  Presence of Third Party

Defendants state they will permit Plaintiff to "have a relative, girlfriend, or close friend present for emotional support" if he chooses, but this person "should remain silent throughout the interview and exam process."  (Doc. 216) at 4.  Defendants further request the Court order that "attorneys, legal staff, and treating physicians are not allowed to be present during the Rule 35 Exam."  *Id.*  Plaintiff does not address these requirements in his response brief or Motion for Protective Order.  The Court finds these limitations are reasonable and in line with requirements for Rule 35 exams and will grant Defendant's request.

## III.  Attorney's Fees

Finally, Defendants seek an award of attorneys' fees incurred in filing their Motion.  (Doc. 216) at 14.  Rule 35 does not provide for an award of attorney's fees to a party for successfully filing or opposing a motion for an IME.  *See generally* Fed. R. Civ. P. 35.  In addition, the Court has granted Defendant's Motion in part but has also denied it in part.  For these reasons, the Court declines to award Defendants attorney's fees associated with the Motion at this time.  However, any subsequent objections regarding the time, manner, conditions, or scope of the IME that the Court finds are not reasoned and in good faith may result in an award of sanctions.

IT IS THEREFORE ORDERED that Defendants' Motion for Rule 35 Medical Exam of Plaintiff, (Doc. 216), and Plaintiff's Motion for Protective Order, (Doc. 220), are GRANTED IN PART and DENIED IN PART, as follows:

1. The IME shall take place in Albuquerque, New Mexico, over two days with a maximum of four hours of testing each day.  Plaintiff may take two breaks during the four hours of testing, and they shall be no longer than 20 minutes and will not count against the four hours of testing.

2. Plaintiff may have a relative or close friend present, but this person shall remain silent throughout the interview and exam process.  No attorneys, legal staff, or treating physicians shall be present.

3. Recording of the IME shall not be permitted, and Defendants shall comply with Rule 35 in disclosing the report and required results and conclusions.

The parties shall promptly confer concerning a date and time for the IME.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE