IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TANNER BOOKER,

     Plaintiff,

v.                                  No. 2:23-cv-18 WJ/KRS

P.A.M. TRANSPORT, INC., and
IAN MURIUKI MWANGI,

     Defendants.

## ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND SANCTIONS

THIS MATTER is before the Court on Defendant P.A.M. Transport, Inc.'s Motion for Protective Order and Seeking an Order Prohibiting 30(b)(6) Deposition ("Motion"), (Doc. 211), filed July 22, 2024. Plaintiff Tanner Booker ("Plaintiff") filed a response on August 5, 2024, and Defendant P.A.M. Transport, Inc. ("Defendant") filed a reply on August 19, 2024. (Docs. 218, 223). Having considered the parties' briefing, the record of the case, and relevant law, the Court FINDS that Defendant's Motion is well-taken and should be GRANTED.

## I.    Background

Plaintiff brings claims against Defendants stemming from injuries sustained in an accident. (Doc. 1-1). Plaintiff is a commercial driver and was parked at a truck stop in Deming, New Mexico on February 10, 2022, when a P.A.M. Transport, Inc. tractor-trailer rolled into Plaintiff's trailer. *Id.* at 3. Plaintiff alleges that the driver of the tractor-trailer, Defendant Mwangi, failed to set his parking brake, and that Plaintiff has suffered personal injuries and lost income. *Id.* at 4. Plaintiff brings claims for negligence, respondeat superior, negligent entrustment, and negligent hiring, supervision, retention, and training. *Id.*

In its Motion, Defendant asks the Court for an order protecting the corporate defendant

from Topics 1(b), 2(a), 2(b), 2(e), 2(f), 4(a), 4(b), 4(c), 4(d), 5(a), 5(b), 5(c), 5(d), 5(e), 6(a), 6(b), 6(c), 7(a), 7(b), 7(c), 8(a), and 9(a), which were served pursuant to FED. R. CIV. P. 30(b)(6). (Doc. 211) at 1. The Notice of Deposition of Defendant's corporate representative was served on July 8, 2024. (Doc. 206). On July 22, 2024, Defendant filed a Notice of Non-Appearance and the instant Motion. (Docs. 201, 211). Plaintiff did not file a notice vacating the 30(b)(6) deposition.

In the Motion, Defendant argues the deposition notice seeks overly broad privileged and protected information, including duplicative requests for testimony and documents outside the limited scope previously set by this Court, like similarly situated cases, information contained in the DOT register, handbooks, polices, procedures, and training materials. (Doc. 211) at 4–6. Further, Defendant contends Plaintiff seeks to circumvent Defendant's prior objections to production by re-serving identical requests rather than challenging Defendant's prior objections. *Id.* at 6–9. Defendant also argues the notice is overly broad and seeks irrelevant information such as training materials, contracts, purchasing and maintenance history that have no nexus to the accident and is unduly burdensome, seeks cumulative and duplicative deposition testimony to which Defendant Ian Muriuki Mwangi ("Defendant Mwangi") and the corporate Safety Director already testified to, and is disproportionate to the needs of this case. *Id.* at 6–13. Defendant further asserts it cannot comply with the notice because the topics are vague, ambiguous, overly broad, unduly burdensome, do not state with reasonable particularity the subject areas that are to be questioned and, are in essence, a "fishing expedition." *Id.* at 13–23. Finally, Defendant contends the topics seek legal opinions, expert testimony, and the notice generally is designed to harass Defendant. *Id.* at 23–26. Defendant thus asks the Court to impose sanctions against Plaintiff in the form of attorneys' fees and costs.

2

In response, Plaintiff claims Defendant did not confer in good faith prior to filing the Motion. (Doc. 218) at 3. Specifically, Plaintiff takes issue with Defendant sending individual letters on each individual topic rather than conferring telephonically. *Id.* at 4. Plaintiff next argues that the notice does not violate this Court's prior orders because the topics and requests are within the scope of the Court's limitation or are more narrowly tailored. *Id.* at 6–9. Plaintiff also argues that the notice does not include any requests for production. Rather, the topics require the corporate representative to testify about documents, video, or audio footage. *Id.* at 9. Plaintiff further claims that the notice is not cumulative or duplicative. First, Plaintiff contends the corporate Safety Director testified in his individual capacity and, as such, may not act as a substitute for a proper Rule 30(b)(6) deposition. *Id.* at 10–11. Second, Rule 30(b)(6) permits questions regarding topics addressed in interrogatories and document disclosures. *Id.* at 12–13. Next, Plaintiff asserts the topics are described with reasonable particularity because the topics are adequately tailored in time or scope to thus place Defendant on reasonable notice under the circumstances in this case. *Id.* at 13–15. Plaintiff also argues that the topics are not overly broad, unduly burdensome, do not trigger privilege or privacy concerns, nor do they seek legal or expert testimony, and Defendant's claim that the notice is a "fishing expedition" is baseless. *Id.* at 15–22.

In reply, Defendant argues that it conferred in good faith via written correspondence in light of Plaintiff's prior objection to the "lack of written 30(b)(6) objections from the defense." (Doc. 223) at 2. During this time period, Defendant also circulated an unopposed motion to extend discovery deadlines to allow the parties to confer and permit Plaintiff time to conduct a 30(b)(6) deposition, which this Court granted. *Id.* at 2–3. Further, Defendant requested the parties telephonically confer to address its several written objections. *Id.* The day after Defendant's

request, however, Plaintiff noticed the 30(b)(6) deposition without responding to Defendant's inquiry for a telephonic conference. *Id.* Defendant also maintains that the notice seeks information and documents related to other crashes or accidents which is barred by this Court's prior rulings. *Id.* at 3–4. Moreover, Defendant cannot prepare a corporate representative on the internal investigation and review of similar accidents without divulging information that is strictly prohibited by 49 U.S.C. §504(f). *Id.* at 3–5. As for Plaintiff's contention that he does not seek any documents, Defendant claims it is unduly burdensome to prepare a corporate representative on thousands of pages that are unrelated to the instant case. *Id.* at 5–6. Finally, Defendant maintains that Plaintiff seeks improper topics for a 30(b)(6) deposition. *Id.* at 6–12.

## II.   Legal Standards

Federal Rule of Civil Procedure 26 generally permits parties to:

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1).

Rule 30(b)(6), in turn, provides that,

> a party may name as [a] deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice . . . is served, the serving party and the organization must confer in good faith about the matters for examination. . . . The persons designated must testify about information known or reasonably available to the organization.

FED. R. CIV. P. 30(b)(6). The permissible scope of a Rule 30(b)(6) deposition is as broad as—but

no broader than—the scope of discovery. *See* FED. R. CIV. P. 26(b), 30(b)(6); *see also Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 385 (D.N.M. 2018) (scope of Rule 30(b)(6) deposition is "not otherwise limited") (quotation marks omitted).

"Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject." *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf." *Id.* (quotation marks omitted).

An entity subject to a Rule 30(b)(6) notice of deposition has a duty to prepare its designated witnesses such that those witnesses can provide comprehensive and non-evasive answers to the questions posed on the specified matters for examination. *Peshlakai v. Ruiz*, No. CIV 13-0752 JB/ACT, 2014 WL 459650, at *23 (D.N.M. Jan. 9, 2014).

> The duty to prepare the designee imposed by the rule goes beyond matters personally known to the designee or to matters in which that designee was personally involved. Such preparation requires a good faith effort [by] the designate to find out the relevant facts—to collect information, review documents, and interview employees with personal knowledge. The duty of preparation may require the interviewing of past employees.

*United States v. Magnesium Corp. of Am.*, No. 2:01-CV-40 DB, 2006 WL 6924985, at *4 (D. Utah Nov. 27, 2006) (footnotes and quotation marks omitted); *see also Alexander v. F.B.I.*, 186 F.R.D. 137, 141 (D.D.C. 1998) (describing organization's obligation to prepare for Rule 30(b)(6) deposition in similar terms).

A Rule 30(b)(6) designee, however, "is not expected to perform with absolute perfection."

*Pogue v. Nw. Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS, 2017 WL 3044763, at *8 (W.D. Ky. July 18, 2017) (unpublished) (citing *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 691 (S.D. Fla. 2012)). "The mere fact that a designee could not answer every question on a certain topic does not necessarily mean that the corporation failed to comply with its obligation." *QBE Ins. Corp.*, F.R.D. at 691. Any expression of a lack of knowledge, however, "is itself an answer which will bind the corporation at trial." *Id.* at 690 (citations omitted).

Consequently, Rule 30(b)(6) imposes reciprocal obligations on the party noticing the deposition.

> A good rule 30(b)(6) deposition—from both parties' standpoints—requires cooperation. There is little room for hiding the ball at this stage. The rules of engagement are relatively demanding. The corporation must produce fully prepared and knowledgeable witnesses on the topics designated, *but the questioning party must be specific in what it wants to know—before the deposition day.* If the questioning party wants a prepared witness, the questioning party must help the witness prepare. This assistance may come close to scripting out questions; there is no need or privilege that protects such work product when one is about to take a 30(b)(6) deposition. *If the corporation wants more specificity, it is entitled to it.*

*Id.* at *25 (emphases added).

Finally, Rule 26(c) authorizes courts to issue protective orders when necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). The party seeking a protective order bears the burden of showing good cause for the requested order. *Landry*, 323 F.R.D. at 398; *Zia Shadows, L.L.C. v. City of Las Cruces*, No. 09-cv-909, 2012 WL 12931968, at *2 (D.N.M. Sept. 24, 2012). In a protective order, courts may, *inter alia*, forbid the discovery at issue in whole or in part. Fed. R. Civ. P. 26(c)(1)(A), (D).

## III.    Motion for Protective Order

Having considered Defendant's Motion in light of the foregoing standards, the Court will

grant the Motion for the following reasons. First and foremost, the Court finds that several of the topics are in violation of this Court's prior rulings. Plaintiff's attempt to frame the topics as more narrowly tailored than the Court's Orders is misplaced. A variety of the topics, including topics 4(a), 4(b), 4(c), 6(b), 7(a), 7(c), and 8(a), may contain a more stringent limitation, but those same topics sidestep the Court's Orders by broadening portions of the subject matter scope.

For instance, in Topic 8(a), Plaintiff seeks testimony of prior accidents and crashes that are similarly situated to the instant case. (Doc. 206) at 7. Plaintiff contends the topic is more narrowly tailored given the smaller time frame and only "seeks testimony related to . . . internal investigations and review of similar accidents." (Doc. 218) at 7. While Plaintiff is correct that the time frame is more narrowly tailored than this Court's prior rulings, the subject matter is not. Specifically, this Court ruled that information relating to similar accidents is limited to "*cases filed in state or federal court* from February 2020 to the present *wherein [Defendant's] drivers, while working for Defendant, were accused of failing to engage the parking brake which caused injuries or property damage*." (Doc. 170) at 9–10 (emphasis added). In Topic 8(a), however, Plaintiff seeks testimony relating to "crashes and accidents that involved [Defendant's] commercial vehicle when it was alleged that there was a: due to [*sic*] (1) failure to engage a parking brake, or (2) failure to follow safe parking lot procedures and any remedial measures taken by [Defendant] to prevent similar accidents from occurring in the future." (Doc. 206) at 7. The plain language of this topic does not comport with this Court's November 1, 2023, Order. *See* (Doc. 170) at 9–10. The Court reiterates that Plaintiff is entitled to information regarding similar accidents that took place around the time of the incident at issue in this case because that information is relevant as to whether Defendant knew or should have known of issues involving drivers not setting their parking brake.

Plaintiff's topics, however, must comport with this Court's prior rulings. Anything short of that intimates an attempt to circumvent this Court's Orders and a waste of judicial resources in light of the unnecessary and prolonged motion practice. Plaintiff is reminded that continued failure to comply with the Court's discovery Orders can result in sanctions, up to and including dismissal of the action. *See* FED. R. CIV. P. 37(b)(2).

Second, the Court finds Defendant attempted to confer in good faith. It is reasonable— given Plaintiff's prior assertions in discovery disputes—for Defendant to send individual correspondences for each topic in dispute. Plaintiff's misrepresentation of the meet and confer process is not well-taken. The parties are reminded, once again, that they must "confer in good faith regarding the scheduling of depositions before serving notice of deposition." D.N.M. LR-Civ. 30.1. This includes, but is not limited to, addressing the proposed 30(b)(6) topics and objections thereto *prior to serving the notice*.

Third, Plaintiff's notice fails to comply with Rules 26 and 30. Specifically, the notice seeks discovery that is disproportionate to the needs of the case because the proposed discovery's burden and expense significantly outweighs its likely benefit, FED. R. CIV. P. 26(b)(1); and, the notice fails to describe the matters on which examination is requested with reasonable particularity. FED. R. CIV. P. 30(b)(6). In this regard, the Court notes that the response brief is not an appropriate time or place for Plaintiff to narrow the notice's scope and hone its specificity. *See generally* (Doc. 218). Rather, Plaintiff could and should have exhausted such negotiations before the Motion was filed. *See* FED. R. CIV. P. 30(b)(6) ("Before or promptly after the notice . . . is served, the serving party and the organization must confer in good faith about the matters for examination."). Failing that, the Rules oblige Plaintiff, as the party seeking the discovery at issue, to notice proportional

topics and to "be specific in what he wants to know." *Peshlakai*, 2014 WL 459650 at *25. Plaintiff's often vague and overbroad notice does not satisfy these obligations.

While the Court need not address each topic individually it will highlight some specific deficiencies—to guide the parties with a revised notice and potential future meet and confers. For example, Topic 1(b) seeks information regarding, "any non-privileged communications with Defendant Mwangi and between Defendant Mwangi any other person at the scene of the crash." (Doc. 206) at 2. The Court agrees that Topic 1(b) is too vague and overly broad to fairly notify Defendant of the need to prepare its representative(s). Plaintiff fails to specify the type of communication, the source, the date of the communication, whether the communication occurred at the scene of the incident or before the onset of the litigation or sometime thereafter.

Similarly, Topic 2(a) is troublesome in that not only does it contain a vague term, "control," but it seeks duplicative information. In Topic 2(a), Plaintiff seeks testimony "regarding the ownership and control of the tractor and trailer involved in the Crash, but not including information about the income and profits earned by the vehicle." (Doc. 206) at 3. Plaintiff has not adequately explained how the topic is not duplicative of Defendant's affirmative answer to Request for Admission No. 1. *See* (Doc. 109) at 1–2. Such testimony regarding ownership of the vehicle is unreasonably duplicative when it has already been obtained from a more convenient, less burdensome, and less expensive source—*i.e.*, Defendant's affirmative answer to Plaintiff's Request for Admissions. *See* FED. R. CIV. P. 26(b)(2)(C).

Further, some topics clearly include improper production requests. A request for production of documents must be sent 30-days prior to the corporate representative(s) deposition. *See* Fed. R. Civ. P. 30(b)(2) & 34(b)(2). The notice issued by Plaintiff does not comply with the

Rules.

Finally, Court disagrees with Defendant's contention that Rule 30(b)(6) topics may not overlap previously produced documents, interrogatories, or requests for admissions. *See* (Docs. 211 at 9–13, 223 at 6–11). Plaintiff is entitled to discover non-privileged information as to Defendant's position regarding what happened during the subject incident. *Kretek v. Bd. of Comm'rs of Luna Cty., N.M.*, No. 11-676 RB/GBW, 2012 WL 12838430, at *4 (D.N.M. Oct. 19, 2012) (finding questions regarding topics previously addressed in interrogatories and document disclosure permissible in a Rule 30(b)(6) deposition); *see also Landry*, 323 F.R.D. at 400 (permitting "[q]uestions concerning documents produced" in discovery as "a classic use of a deposition"). Defendant has neither alleged nor shown that an *authorized* representative has already spoken for it; and, to the extent Defendant wishes to adopt, reject, or qualify the positions of another party or witness, Plaintiff is entitled to make a record of that by way of Defendant's Rule 30(b)(6) deposition. In addition, Plaintiff is entitled to seek discovery likely to confirm *or* contradict the accuracy of other witnesses' testimony.

Notwithstanding, the topics as currently noticed suffer from deficiencies as addressed *supra*. The Court reminds Plaintiff that the extent of any reasonable inquiry Defendant's corporate representative(s) must make to prepare for the deposition will vary depending on the specificity of the revised notice Plaintiff ultimately produces. If Plaintiff wishes to ensure that Defendant's corporate representative(s) is prepared to address particular details related to a topic then he needs to describe those details with particularity. Furthermore, Plaintiff is counseled that a revised notice may be improper if it is duplicative of other discovery. *Kretek*, 2012 WL 12838430, at *4. Topics related to admission of facts may be disallowed unless reasonably tailored. Also, the Court

10

cautions Plaintiff to not engage in needlessly duplicative questioning by asking Defendant's corporate representative(s) to testify to facts already admitted by Defendant or by asking the representative to adopt another witness's testimony line-by-line after the representative had already adopted the testimony in whole and without reservation. And, as a reminder, any future notice should take into account the Court's previous rulings on the parties' discovery disputes and subject matters banned by 49 U.S.C. §504(f).

The Court also—once again—counsels the parties to review the clear law in this district and circuit regarding 30(b)(6) depositions as previously noted by this Court. *See* (Doc. 182) at 5–6.

## IV.    Attorneys' Fees and Costs

Defendant asks the Court to award it attorneys' fees and costs incurred in bringing the Motion, arguing that it has had to respond to multiple rounds of 30(b)(6) notices. (Doc. 211 at 26). Defendant notes that the Court previously awarded Defendant attorneys' fees due to Plaintiff reserving duplicative rounds of discovery requests. *Id.* Plaintiff contends that Defendant did not satisfy its duty to meet and confer in good faith prior to filing its Motion and its objections are meritless. (Doc. 218) at 22.

Rule 37 affords the Court broad discretion to sanction a party for unjustifiably resisting discovery. *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011). The sanctions that a Court may levy under Rule 37 and the procedural prerequisites for doing so depend on the nature of the discovery violation. *See* FED. R. CIV. P. 37. On motion, and after giving an opportunity to be heard, the Court may sanction a party for whose conduct necessitated the motion. FED. R. CIV. P. 37(a)(5)."The sanction . . . imposed should be the least severe of those available, which appears

11

adequate to deter and punish the wrongdoer." *Id.* (citing *White v. Gen. Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990)).

Beyond the provisions of the Federal Rules of Civil of Procedure, the Court "may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106–07 (2d Cir. 2002). *See also Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1179 (10th Cir. 2009). This implied power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabasah R.R. Co.*, 370 U.S. 626, 630–31 (1962)). It "can be invoked even if procedural rules exist which sanction the same conduct." *Id.* at 49.

The Court, however, must exercise its inherent power to sanction with restraint as it is shielded from direct democratic controls. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980). "[W]hen there is … conduct in the course of litigation that [can] be adequately sanctioned under the Rules, the [C]ourt ordinarily should rely on the Rules rather than the inherent power." *Chambers*, 501 U.S. at 50.

Under Rule 37(a)(5), the Court finds that Defendant is entitled to *all* attorneys' fees and costs associated with the instant Motion. Not only was the Motion extensively briefed, but the Court is very concerned by Plaintiff's blatant deviations from this Court's prior discovery rulings. Plaintiff is again counseled that further non-compliance with Court orders may result in sanctions, up to and including dismissal of the action.

IT IS THEREFORE ORDERED as follows:

1.      Defendant P.A.M. Transport, Inc.'s Motion for Protective Order, (Doc. 211), is GRANTED;

2.      Defendant need not produce any witnesses to be deposed pursuant to Plaintiff's Notice of Video Deposition of Defendant P.A.M. Transport, Inc. Pursuant to Fed. R. Civ. P. 30(b)(6), (Doc. 206); and

3.      Defendant is awarded attorneys' fees and costs incurred in responding to the Motion for Protective Order. Defendant shall file an affidavit itemizing its reasonable fees and expenses for the Court's consideration by **October 22, 2024**. If Plaintiff wishes to contest the reasonableness of any expenses claimed by Defendant, his objections shall be due within five (5) days of Defendant filing its affidavit.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

13