IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TANNER BOOKER,

    Plaintiff,

v.                                                  No. 2:23-cv-18 WJ/KRS

P.A.M. TRANSPORT, INC., and
IAN MURIUKI MWANGI,

    Defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO EXTEND LR-CV 26.6 DEADLINE FOR MOTION TO COMPEL DISCOVERY

THIS MATTER is before the Court on Defendant P.A.M. Transport, Inc.'s Motion to Extend LR-CV 26.6 Deadline for Motion to Compel Discovery ("Motion"), (Doc. 231), filed August 22, 2024. Plaintiff Tanner Booker ("Plaintiff") filed a response on September 5, 2024, and Defendant P.A.M. Transport, Inc. ("Defendant") filed a reply on September 19, 2024. (Docs. 235, 246). Having considered the parties' briefing, the record of the case, and relevant law, the Court FINDS that Defendant's Motion is well-taken and should be GRANTED.

**I.**      **Background**

Plaintiff brings claims against Defendants stemming from injuries sustained in an accident. (Doc. 1-1). Plaintiff is a commercial driver and was parked at a truck stop in Deming, New Mexico on February 10, 2022, when a P.A.M. Transport, Inc. tractor-trailer rolled into Plaintiff's trailer. *Id.* at 3. Plaintiff alleges that the driver of the tractor-trailer, Defendant Mwangi, failed to set his parking brake, and that Plaintiff has suffered personal injuries and lost income. *Id.* at 4. Plaintiff brings claims for negligence, respondeat superior, negligent entrustment, and negligent hiring, supervision, retention, and training. *Id.*

On August 1, 2024, Plaintiff served by email his Answers to Second Set of Interrogatories

and Response to Defendant's Third Set of Requests for Production of Documents. (Docs. 246-1, 246-2). The Second Set of Interrogatories included two (2) interrogatories. (Doc. 246-1). Likewise, the Third Set of Requests for Production of Documents only included two (2) requests. (Doc. 246-2). Defendant's deadline to file its motion to compel was August 22, 2024. D.N.M. LR-Civ. 26.6. On August 20, 2024, Plaintiff served supplemental responses to Defendant's Third Set of Requests for Production of Documents, in which Plaintiff contemporaneously produced five (5) pages of redacted documents based on various privileges. (Doc. 246-3).

On August 21, 2024, Defense counsel emailed Plaintiff's counsel the instant Motion and asked for Plaintiff's position. (Doc. 235-1). In turn, Plaintiff implored Defendant to provide further information regarding the supposed deficiencies and schedule a conference call that same day. (Doc. 235-2). Defendant replied that the purpose of the extension was to permit the parties further time to discuss the deficiencies. *Id.* Defendant filed the instant Motion the following day even though Plaintiff once again urged Defendant to meet and confer on August 21, 2024, to avoid motion work and resolve the issue without judicial intervention.

**II.    Legal Standard**

Under Local Rule 26.6, a party served with objections to an interrogatory or a request for production "must proceed under D.N.M. LR-Civ. 37.1 within twenty-one (21) days of service of an objection unless the response specifies that documents will be produced or inspection allowed." D.N.M. LR-Civ. 26.6. If the response states that documents will be produced or inspection allowed, "the party must proceed under D.N.M. LR-Civ. 37.1 within twenty-one (21) days after production or inspection of the documents." *Id.* "Failure to proceed within this time period constitutes acceptance of the objection." *Id.* "For good cause, the Court may, *sua sponte* or on

motion by a party, change the twenty-one (21) day period." *Id.*

Federal Rule of Civil Procedure 16(b)(4) allows modification of a scheduling order only for good cause and with the judge's consent. "[T]rial courts have considerable discretion in determining what kind of showing satisfies this . . . good cause standard." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (citation omitted). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Gorsuch Ltd., B.C. v. Wells Fargo Nat'l Bank Ass 'n*, 771 F.3d 1230, 1241 (10th Cir. 2014). "[G]ood cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Tesone*, 942 F.3d at 988 (citation omitted).

**III.  Discussion**

In its Motion, Defendant seeks an extension of time in which to file a motion to compel Plaintiff to respond Plaintiff's Answers to Second Set of Interrogatories and Response to Defendant's Third Set of Requests for Production of Documents. (Doc. 231) at 1. It requests the deadline be extended to fourteen (14) days from entry of this Order. *Id.*

Plaintiff contends Defendant failed to meet and confer in good faith and failed to demonstrate good cause. (Doc. 235) at 3–5. Hence, the Court should award Plaintiff attorneys' fees and costs for responding to the Motion. *Id.* at 6.

In turn, Defendant argues that (1) it did not have time to adequately discuss the issues with Plaintiff's discovery responses because Plaintiff supplemented responses two days prior to its compel deadline; (2) it has continually attempted to meet and confer with Plaintiff regarding the

3

documents and information at issue; and (3) Plaintiff has an affirmative obligation to produce the information and documents in dispute pursuant to D.N.M. LR-Civ. 26.3(d)(2) or otherwise face potential dismissal of his damage claims. (Doc. 246) at 2–7. Defendant does not seek attorneys' fees and costs.

    As an initial matter, the Court finds that Defendant met and conferred as reasonably as it could under the circumstances presented in this case. Specifically, during the course of this litigation, Defendant repeatedly attempted to acquire the requested medical documents and information via medical releases to no avail. *See* (Doc. 246) at 2–7, (Docs. 246-4, 246-5). Defendant raised those issues with Plaintiff. *See* (Doc. 246) at 2–7, (Docs. 246-4, 246-5). It further contacted Plaintiff's counsel regarding misinformation in the interrogatories well before the motion to compel deadline. *See* (Doc. 246-9). Nothing in the local or federal rules requires a party to send a "formal" meet and confer correspondence. With that said, in light of the contorted procedural history and motion practice of the case, the Court deems it necessary to remind counsel of the importance of meeting deadlines, delineating issues to writing prior to scheduling a telephonic conference, and conferring thoroughly before said deadlines.

    Next, Plaintiff argues Defendant has not shown good cause because the Motion only states, "good cause exists," and Defendant was not diligent in its efforts. (Doc. 235) at 5. The Court disagrees with Plaintiff and concludes Defendant has demonstrated good cause for the extension. Based on past filings, the Court finds Defendant has been generally diligent in meeting discovery deadlines and requesting extensions—while also engaging in motion practice. (Docs. 216, 221, 223) *see also* Docs. 246-5, 246-7, 246-9, 246-11). Further, the risk of unfairness to Defendant as well as Plaintiff is significant. The evidence at issue could either support or dispute Plaintiff's

4

damage claims. Hence, the evidence may be pivotal to the parties' assessing their positions prior to a settlement conference and/or trial. The Court concludes Defendant has shown good cause to extend the deadline for it to move to compel as to Plaintiff's Answers to Second Set of Interrogatories and Response to Defendant's Third Set of Requests for Production of Documents, (Docs. 246-1, 246-2), and grants its Motion.

    IT IS THEREFORE ORDERED as follows:

    1.    Defendant P.A.M. Transport, Inc.'s Opposed Motion to Extend LR-CV 26.6 Deadline for Motion to Compel Discovery, (Doc. 231), is GRANTED;

    2.    Defendant's D.N.M. LR-Civ. 26.6 period for Plaintiff's Answers to Second Set of Interrogatories and Responses to Defendant P.A.M. Transport, Inc.'s Third Set of Requests for Production of Documents is extended to **October 23, 2024**.

    IT IS SO ORDERED.

                                                                                 _____
                                                                                 KEVIN R. SWEAZEA
                                                                                 UNITED STATES MAGISTRATE JUDGE