IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TANNER BOOKER**,

        Plaintiff,

v.                                                    Case No. 2:23-cv-00018-WJ-KRS

**P.A.M. TRANSPORT, INC., AND**
**IAN MURIUKI MWANGI**,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PUNITIVE DAMAGES

**THIS MATTER** is before the Court on Defendants' Motion for Partial Summary Judgment on Punitive Damages (**Doc. 263**), Plaintiff's Response (**Doc. 285**), and Defendants' Reply (**Doc. 291**). Relevant here, Plaintiff Tanner Booker's ("Booker") Complaint (**Doc. 1-1**) seeks punitive damages against both Defendant Ian Mwangi ("Mwangi") and Defendant P.A.M. Transport, Inc. ("PAM Transport"). Having considered the parties' briefing and the applicable law, the Court **GRANTS** the Motion.

## PROCEDURAL BACKGROUND

Once again, Booker primarily argues this Motion is too early. In so doing, Booker explains (**Doc. 285 at 1–2**) that the Court previously denied without prejudice (**Doc. 203**) an earlier iteration of this Motion (**Doc. 71**) because discovery was still ongoing. That much is true. In fact, the Court's ruling states that "at this stage of the proceedings, discovery is not complete, evidence is not

1

currently available to contest the motion, and the record is not sufficiently developed." **Doc. 203 at 5**. However, Booker overlooks the last fourteen months of this case's history.

Back in January 2023, Defendants removed this case from state court to federal court (**Doc. 1**). A Scheduling Order (**Doc. 40**) was filed in April—setting an October 2, 2023, deadline for discovery. Then, on July 13, 2023, Defendants filed their first Motion for Partial Summary Judgment on Punitive Damages (**Doc. 71**).

When the Court ruled, it noted that Defendants could "refil[e] the motion at a later stage of the proceedings when evidence is more fully developed." **Doc. 203 at 5**. Now, fourteen months later, Defendants filed their summary judgment motion again. Fourteen months is, in fact, a later stage in the proceedings. Additionally, the evidence is more fully developed.

Booker disagrees—arguing that there is still an insufficient record. In part, Booker explains that with more time, "[he] believes he will be able to establish" that "Mwangi was incompetent to operate the CMV," and "there was a malicious, willful, reckless, wanton, grossly negligent, fraudulent, and/or bad faith breach of the duty of care." **Doc. 285 at 13**. But this case is nearly two years old—and depositions,[1] interrogatories,[2] and requests for production[3] have taken place. As such, the record is sufficiently developed for the Court to rule.

## LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the moving party shows that "no genuine dispute" exists about any "material fact." Fed. R. Civ. P. 56; *see also Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir. 1991). After the movant demonstrates "the absence of a genuine issue of material fact," the burden shifts to "the non-movant to establish a genuine issue of fact." *Georgelas*

---

[1] *See* **Docs. 75, 88, 97, 102, 111, 116–118, 120, 127, 128, 157, 159, 194, 199, 212, 213, 215, 226, 236, 237, 239, 244, 245, 247, 251, 252**.
[2] *See* **Docs. 121, 126, 139, 151, 174, 177, 185, 187, 195, 196, 205, 214, 233**.
[3] *See* **Docs. 84, 118, 125, 126, 136, 151, 163, 174, 177, 181, 185, 187, 197, 198, 205, 214, 225, 253**.

*v. Desert Hill Ventures, Inc.*, 45 F.4th 1193, 1197 (10th Cir. 2022). "A disputed fact is 'material' if it might affect the outcome of the suit under the governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Est. of Beauford v. Mesa Cnty., Colo.*, 35 F.4th 1248, 1261 (10th Cir. 2022) (citation omitted).

To defeat summary judgment, the nonmoving party cannot rest on mere allegations, but rather "must bring forward specific facts showing a genuine issue for trial." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citation omitted). If the nonmovant does not dispute the movant's statement of undisputed facts, then those facts are deemed admitted for purposes of the summary judgment motion. *Walker v. City of Orem*, 451 F.3d 1139, 1155 (10th Cir. 2006). Likewise, "a complete failure of proof concerning an essential element of the nonmoving party's case" will entitle the movant to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Lastly, when reviewing a motion for summary judgment, the Court "construe[s] the facts in the light most favorable to the nonmovant and . . . draw[s] all reasonable inferences in its favor." *Palacios v. Fortuna*, 61 F.4th 1248, 1256 (10th Cir. 2023) (citation omitted). The Court's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986); *see also Sierra Club v. El Paso Gold Mines, Inc.*, 421 F.3d 1133, 1150 (10th Cir. 2005).

## LAW ON PUNITIVE DAMAGES

Under New Mexico law, punitive damages are awarded when "a party intentionally or knowingly commits wrongs." *Yedidag v. Roswell Clinic Corp.*, 2015-NMSC-012, at ¶ 58, 346 P.3d 1136 (N.M. 2015) (citing NM UJI-Civ. § 13-1827). This means a defendant must have acted maliciously, willfully, recklessly, wantonly, fraudulently, or in bad faith. *See* NM UJI-Civ.

3

§ 13-1827. The purposes of punitive damages are to punish the tortfeasor for wrongdoing and to serve as a deterrent. *Sanchez v. Clayton*, 1994-NMSC-064, at ¶ 11, 117 N.M. 761, 877 P.2d 567 (N.M. 1994). That means punitive damages are not appropriate for mere carelessness, negligence, or inattention. *See Paiz v. State Farm Fire & Cas. Co.*, 1994-NMSC-079, ¶ 27, 118 N.M. 203, 880 P.2d 300 (N.M. 1994); *see also Allsup's Convenience Stores, Inc. v. N. River Ins. Co.*, 1999-NMSC-006, at ¶¶ 53–54, 127 N.M. 1, 976 P.2d 1 (N.M. 1998). There must be some evidence of a culpable mental state.

The Court looks to several sources for establishing the parameters of these similar, but distinct, mental states. First, the Court looks to the New Mexico jury instruction on punitive damages. Next, the Court recites definitions from various New Mexico court cases. Then, the Court conducts a brief survey of dictionaries—and tries to simplify these definitions.

For starters, the model jury instruction for punitive damages provides the following definitions:

> Malicious conduct is the intentional doing of a wrongful act with knowledge that the act was wrongful. Willful conduct is the intentional doing of an act with knowledge that harm may result. Reckless conduct is the intentional doing of an act with utter indifference to the consequences. When there is a high risk of danger, conduct that breaches the duty of care is more likely to demonstrate recklessness. Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's [rights] [safety].

N.M. UJI-Civ. § 13-1827. These definitions are largely—if not entirely—consistent with the case law definitions. New Mexico courts have defined malicious conduct as the intentional doing of a wrongful act with knowledge that the act was wrongful. *Martin v. Comcast Cablevision Corp. of Cal., LLC*, 2014-NMCA-114, at ¶ 17, 338 P.3d 107 (N.M. Ct. App. 2014). Willful conduct is the intentional doing of an act with knowledge that harm may result. *Behrens v. Gateway Ct., LLC*, 2013-NMCA-097, at ¶ 21, 311 P.3d 822 (N.M. Ct. App. 2013). Reckless conduct involves "the

4

intentional doing of an act with utter indifference to the consequences." *Gonzales v. Surgidev Corp.*, 1995-NMSC-036, at ¶ 36, 120 N.M. 133, 899 P.2d 576 (N.M. 1995) (citation and quotations omitted). Finally, wanton conduct is the doing of an act with utter indifference to, or conscious disregard for, a person's safety. *Helena Chem. Co. v. Uribe*, 2013-NMCA-017, ¶ 34, 293 P.3d 888 (N.M. Ct. App. 2012); *see also Fowler v. Franklin*, 1954-NMSC-030, ¶ 4, 58 N.M. 254, 270 P.2d 389 (N.M. 1954).

* * *

As stated earlier, in an attempt to better compare and contrast these mental states, the Court now turns to dictionaries. A review of the dictionary definitions—in conjunction with the New Mexico sources—helps demonstrate that these four mental states can be consolidated into two categories.

Both malicious and willful conduct involve intent. This pair is uniformly defined as to intentional, voluntary, or deliberate acts. For example, maliciousness is the most extreme of the culpable mental states—it requires a desire to harm. *Malice*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (unabridged ed. 2002) (defining malice as "intention or desire to harm another usually seriously through doing something unlawful or otherwise unjustified; willfulness in the commission of a wrong; evil intention"). Willful means intentional or voluntary; but often it's something less than malicious. *Willful*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("Voluntary and intentional, but not necessarily malicious.").

Next, in a lesser realm, are wanton and reckless conduct. These are not intentional, but instead forms of "indifference." *Surgidev Corp.*, 1995-NMSC-036, at ¶ 36; *Helena Chem. Co.*, 2013-NMCA-017, ¶ 34. Wantonness, specifically, means "[u]nreasonably or maliciously risking harm while being utterly indifferent to the consequences." *Wanton*, BLACK'S LAW

5

DICTIONARY (12th ed. 2024). Courts far and wide have described wantonness as "recklessness plus, so to speak." *Bazemore v. Commonwealth*, 590 S.E.2d 602, 611 (Va. Ct. App. 2004) (quoting *Wanton*, BLACK'S LAW DICTIONARY (7th ed. 1999)).[4] Reckless conduct, then, is a step below wanton conduct. *See Reckless*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("Characterized by the creation of a substantial and unjustifiable risk of harm to others and by a conscious (and sometimes deliberate) disregard for or indifference to that risk.").

For clarity, the Court placed the mental states on a continuum.

```
          |  Disregard or        |  Failure to exercise
  Intent  |  Indifference        |  ordinary care
----------|----------------------|----------------------
  Malicious  |      |            |
    Willful  |      |  Reckless  |  Negligence
             | Wanton|           |
```

At the end of the day, malicious and willful conduct requires intent. Whereas utter indifference to—or conscious disregard for—the safety of others consists of more than mere inadvertence, incompetence, or unskillfulness. *See Even v. Martinez*, 1965-NMSC-042, at ¶ 5, 75 N.M. 132, 401 P.2d 310 (N.M. 1965) (explaining "indifference" does not mean "momentar[y] thoughtless inadvertence or [an] error in judgment").

* * *

---

[4] *See also United States v. Honeycutt*, No. 10-cr-57, 2011 U.S. Dist. LEXIS 65401, at *16 (S.D. W.Va. June 20, 2011); *Lawson v. Sun Microsystems, Inc.*, No. 07-cv-196, 2010 U.S. Dist. LEXIS 10860, at *7 (S.D. Ind. Feb. 8, 2010); *Marsillo v. Dunnick*, 683 S.W.3d 387, 392 (Tex. 2024); *State v. Coleman*, 460 P.3d 368, 374 (Kan. 2020).

Finally, punitive damages may also be awarded against an employer if the individual defendant was acting in the scope of his employment at the time of the conduct. *See* NM UJI-Civ. § 13-1827; *see also Duncan v. Henington*, 1992-NMSC-043, at ¶¶ 10–11, 114 N.M. 100, 835 P.2d 816 (N.M. 1992). But such liability is appropriate only if the employer "authorized, participated in[,] or ratified the acts" of the employee. *Id.* This means the employer must possess the same "wrongful motives" of its employee. *Samedan Oil Corp. v. Neeld*, 1978-NMSC-028, at ¶ 11, 91 N.M. 599, 577 P.2d 1245 (N.M. 1978).

## UNDISPUTED MATERIAL FACTS[5]

The facts at the summary judgment stage tell the following story:

Mwangi was a licensed commercial truck driver hired by PAM Transport. **UMFs ¶¶ 1, 2, 6; AMF ¶ 1**. As expected of a commercial truck driver, Mwangi was "trained to always use his parking brake." **UMFs ¶¶ 6–8; AMFs ¶¶ 3–4**.

On February 10, 2022, Mwangi was not under the influence of drugs or alcohol (**UMF ¶ 10**), was not using his cell phone (**UMF ¶ 11**), and was "within his hours of service" as set by federal law (**UMF ¶ 12**). Nevertheless, when he got out of his truck, he only put the truck into park—forgetting to set the brakes. **UMF ¶ 13; AMF ¶ 5**. The truck rolled forward and hit Booker's Dodge Ram pick-up truck and trailer which were parked at the Petro truck stop in Deming, New Mexico. **UMF ¶¶ 5, 13, 18, 21**; **AMF ¶ 6**; *see also* **Doc. 1-1 at ¶ 17 & 19**. Essentially, the 18-

---

[5] The facts titled "UMF" are derived from Defendants' Motion (**Doc. 263**), whereas those facts cited as "AMF" come from Plaintiff's Response (**Doc. 285**).
    Here, the Court "view[s] the evidence in the light most favorable to the non-moving party," and resolves "[a]ll disputed facts . . . in favor of the party resisting summary judgment." *McCoy v. Meyers*, 887 F.3d 1034, 1044 (10th Cir. 2018) (citations omitted). At the same time, in order for evidence to be resolved in Plaintiff's favor—it must be meaningfully disputed. Plaintiff does not dispute (in the legal sense of the word) any of Defendants' factual assertions. Instead, Plaintiff just says: (1) the fact is immaterial, or (2) an inability to take PAM Transport's deposition makes him unable to respond. But these boilerplate objections are not enough to place the facts in dispute—or defeat summary judgment.

wheeler "bump[ed] into" Booker's truck at approximately "six to eight miles per hour." **UMF ¶ 21**; **AMF ¶ 7**.

\* \* \*

Plaintiff "objects" to twenty-four out of twenty-six facts presented in the Motion. *Compare* **Doc. 263 at ¶¶ 1–26**, *with* **Doc. 285 at ¶¶ 1–26**. Booker justifies these objections not with contrary evidence—but, instead, claims these facts are "not material." *See* **Doc. 285 at ¶¶ 1–4, 7, 9–11, 15, 17–23, 25, 26**. He also objects to several facts because he hasn't yet deposed[6] PAM Transport. *See* **Doc. 285 at ¶¶ 5–6, 8, 12, 14, 24**. These conclusions or opinions do not meaningfully place any **UMFs** in dispute—because "conclusory statement[s], devoid of facts" do not create a genuine issue of material fact. *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1252 (10th Cir. 2017) (citing *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1095 n.2 (10th Cir. 2010)); *see also* Fed. R. Civ. P. 56(c)(1). As Defendants point out, Booker makes "general objection[s], rather than offering specific evidence to show that the fact is genuinely in dispute." **Doc. 291 at 3**.

Plus, despite Booker's claim that almost every fact is disputed, he only cites to: (1) the Complaint, and (2) Maxey Scherr's affidavit. *See* **Doc. 285 at ¶¶ 1–26** (citing **Doc. 1-1 & Doc. 285-1**). Of course, for there to be a genuine dispute—the nonmoving party must provide "more than a mere scintilla of evidence." *Aubrey v. Koppes*, 975 F.3d 995, 1004 (10th Cir. 2020). A "bald assertion" that "genuine issues of material fact" exist is insufficient to overcome summary judgment. *Geometwatch Corp. v. Behunin*, 38 F.4th 1183, 1219 (10th Cir. 2022) (citation omitted). Much the same, "conclusory legal statements cannot preclude summary judgment." *Nahno-Lopez*

---

[6] The Court agrees with Defendants (**Doc. 291 at 10–12**) that Booker's Rule 56(d) affidavit (**Doc. 285-1**) is insufficient. "Plaintiff provides no explanation as to whether these new depositions are related, if at all, to the claims for punitive damages." **Doc. 291 at 11–12**. Without asserting "how the additional material will rebut the summary judgment motion," Booker has "merely assert[ed] that discovery is incomplete." *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000).

*v. Houser,* 625 F.3d 1279, 1285 (10th Cir. 2010); *see also Peterson v. Martinez*, 707 F.3d 1197, 1206 (10th Cir. 2013) (stating that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

In sum, Booker has not demonstrated any genuine dispute of material fact.

## DISCUSSION

Although the Complaint alleges "Defendants' actions were wanton, willful, reckless, and grossly negligent,"[7] **Doc. 1-1 at ¶ 45**, the Court can disregard this legal conclusion couched as a fact. *See also id.* **at ¶¶ 59, 67, 71**. The Complaint characterizes Defendants' mental state—but without any factual support. When reading the Complaint, it's obvious that this is a negligence case. There are no facts that allege Defendants: (1) intended not to use the parking brake with knowledge that the act was wrongful, (2) intentionally refused to set the parking brake with knowledge that harm may result, (3) intentionally failed to set the parking brake with utter indifference to its consequences, or (4) failed to set the parking brake with utter indifference to, or conscious disregard for, the public's safety.

Necessarily, then, the Court concludes that failing to properly brake—especially here—only rises to the level of negligence.[8] In reaching this conclusion, the Court pays particular

---

[7] Booker argues that Defendants misstate New Mexico law with respect to gross negligence. *See* **Doc. 285 at 16 n.1**. But Booker cites to a 1987 case.
   In 1998, gross negligence was removed as a valid basis for an award of punitive damages. *See* N.M. UJI-Civ. § 13-182; *see also Torres v. El Paso Elec. Co.*, 1999-NMSC-029, at ¶ 27, 127 N.M. 729, 987 P.2d 386 (N.M. 1999), *overruled on other grounds by Herrera v. Quality Pontiac*, 2003-NMSC-018, 134 N.M. 43, 73 P.3d 181 (N.M. 2003). Accordingly, the Court disregards Booker's "gross negligence" assertion as a basis for punitive damages.

[8] This Court is not alone in reaching this conclusion. *See, e.g., Crechale v. Carroll Fulmer Logistics Corp.*, No. 19-cv-617, 2020 U.S. Dist. LEXIS 152091 (S.D. Miss. Aug. 21, 2020); *Babenko v. Dillon*, No. 19-cv-199, 2019 U.S. Dist. LEXIS 130015 (E.D. Penn. Aug. 2, 2019); *Evans v. Slezak*, No. 16-cv-159, 2018 U.S. Dist. LEXIS 137258, at *20–21 (M.D. Ala. Aug. 13, 2018); *Riffey v. CRST Expedited, Inc.*, No. 12-cv-294, 2013 U.S. Dist. LEXIS 179594 (E.D. Ark. Dec. 20, 2013); *see also Hines v. Nelson*, 547 S.W.2d 378 (Tex. Civ. App. 1977); *Flodberg v. Whitcomb*, 224 N.E.2d 606, 610 (Ill. App. Ct. 1967); *W.L. Felix v. Stavis*, 385 S.W.2d 72, 74–75 (Ky. 1964); *Kaplan v. Taub*, 104 So. 2d 882 (Fla. Dist. Ct. App. 1958).

attention to the truism that a defendant does not act with reckless disregard to a plaintiff's rights merely by failing "to exercise even slight care," unless he has a "culpable or 'evil' state of mind." *Paiz*, 1994-NMSC-079, at ¶ 26. Even after drawing all reasonable inferences in Booker's favor, it cannot be said that forgetting to set the brakes was evil or culpable.

Booker's Response argues that 18-wheelers are "dangerous." **Doc. 285 at 17**. Because of this, he argues that "as the risk of danger increases, conduct that amounts to a breach of duty is more likely to demonstrate a culpable mental state." *Id.* But Defendants cite to an on-point New Mexico Court of Appeals decision which rebuts the assertion that driving heavy trucks is "inherently dangerous." *Valdez v. Yates Petroleum Corp.*, 2007-NMCA-038, at ¶¶ 13–15, 141 N.M. 381, 155 P.3d 786 (N.M. Ct. App. 2007); *see also* **Doc. 291 at 9**.

Lastly, because punitive damages cannot be awarded against an employer unless the employer authorized, participated in, or ratified the acts—here, Booker cannot pursue punitive damages against PAM Transport. Both the Complaint and Plaintiff's Response make clear that PAM Transport required use of the parking brake. *See* **Doc. 1-1 at ¶¶ 44, 64, 73**; **Doc. 285 at ¶¶ 7 & 16**; **AMFs ¶¶ 3 & 4**. Thus, it cannot be said that PAM Transport authorized, participated in, or ratified Mwangi's failure to use the parking brake.[9]

## CONCLUSION

A party may only pursue punitive damages if a defendant acted maliciously, willfully, recklessly, wantonly, fraudulently, or in bad faith. *See* NM UJI-Civ. § 13-1827. Here, Booker cannot show that Defendants did anything of the like. Instead, the Complaint and Response only plead—and support—a finding of negligence.

---

[9] Albeit in a different context, the undersigned is reminded of *Cordova v. SOS Staffing Servs.*, 273 F. Supp. 2d 1213 (D.N.M. 2003) (Johnson, J.), *aff'd* 111 F. App'x 992 (10th Cir. 2004). In that case, this Court noted that even though conduct "may well have been negligent," that does not mean a Plaintiff can establish a "willful, intentional act." 273 F. Supp. 2d at 1220. The same conclusion rings true, here.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Partial Summary Judgment (**Doc. 263**) is **GRANTED**.

/s/
_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE