# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**TANNER BOOKER**,

       Plaintiff,

      v.                            Case No. 2:23-cv-00018-WJ-KRS

**P.A.M. TRANSPORT, INC., AND
IAN MURIUKI MWANGI**,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## OVERRULING PLAINTIFF'S OBJECTION and
## AWARDING ATTORNEY FEES

**THIS MATTER** comes before the Court upon Plaintiff Booker's ("Booker") Objection[1] (**Doc. 289**) to Magistrate Judge Kevin R. Sweazea's Order Granting Defendants' ("PAM Transport") Motion for Protective Order and Sanctions (**Doc. 280**). This Court ordered the parties to brief (**Doc. 315**) what objection(s) remains ripe. The parties agree that five of the six grounds listed in the Booker's objections (**Doc. 289 at 7**) are moot. *See* **Docs. 319 & 320**. As such, the only remaining issue for this Court to resolve is whether Magistrate Judge Sweazea's award of attorney's fees and costs was proper.[2] *Id.*; *see also* **Doc. 289 at 15–16**; **Doc. 319 at 2**.[3]

For the reasons that follow, the Court **OVERRULES** Booker's objection (**Doc. 289**) and **AFFIRMS** the award of attorney's fees (**Doc. 280**).

---

[1] Although stylized (in part) as an "appeal," Booker actually filed an objection. *See* Fed. R. Civ. P. 72(a).

[2] To be accurate, this Court reviews Judge Sweazea's Order under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see Lester v. City of Lafayette*, 639 F. App'x 538, 541 (10th Cir. 2016) (unpublished).

[3] In response to this Court's Order for clarification/additional briefing (**Doc. 315**), Booker makes clear that he "objects to the portion of the Magistrate Judge's Order Granting [PAM Transport's] attorney's fees as a sanction pursuant to Federal Rule of Civil Procedure 37." **Doc. 319 at 2**.

## BACKGROUND

The parties are intimately familiar with the facts, so the Court does not repeat them at length. What matters is PAM Transport filed a "Motion for Protective Order" (**Doc. 211**) and requested attorney's fees. Magistrate Judge Sweazea granted PAM Transport's request for a Protective Order (**Doc. 280 at 13**) and awarded attorney's fees (*id.*) under Rule 37. Of note, Magistrate Judge Sweazea granted attorney's fees for discovery abuses. The award was a result of Booker's duplicative Rule 30(b)(6) notices and "Plaintiff's blatant deviations from this Court's prior discovery rulings." *Id.* **at 11–12**.[4]

Booker then filed an objection (**Doc. 289 at 15**). He argues that "[b]y its plain language . . . Rule 37(a)(5) does not authorize an award of attorney's fees." *Id.* Booker explains that because PAM Transport "brought a motion seeking an order protecting it . . . under Rule 30(b)(6)." *Id.* **at 16**. It follows then, in his view, that "Rule 37(a) does not apply." *Id.*

## LEGAL STANDARD

A few legal principles come into play here. First, the Court summarizes Rule 37 sanctions generally. Then, the Court looks specifically at Rule 37(a)(5). And finally, the Court discusses its role in reviewing objections (and the appropriate standard of review).

---

[4] Importantly, Magistrate Judge Sweazea previously admonished Booker about discovery issues. *See* **Doc. 170 at 21** (". . . many of Plaintiff's discovery requests exceed the scope of discovery under Rule 26. Moreover, Plaintiff's practice of rewriting its discovery requests after receiving Defendant's objections is troubling and requires Defendant to essentially respond to two rounds of discovery for each request."). Here, it was Booker's nonadherence to the Court's prior warning that gave rise to PAM Transport's request for attorney's fees. *See* **Doc. 211 at 26**. According to PAM Transport, they "fully briefed the Protective Order, **Doc. 108**, related to the First 30(b)(6) Notice, only to have the last Notice withdrawn by Plaintiff." **Doc. 211 at 26**. PAM Transport argued that Booker is "adding multiple rounds of the same requests," as well as "driving up the costs of defense and wasting judicial economy." *Id.*

The Federal Rules of Civil Procedure empower a court in its discretion to assess sanctions for discovery abuse and misconduct. *See generally* Fed. R. Civ. P. 37. Subparagraphs (a), (b), (c), (d), and (f) all explicitly permit an award of expenses (including attorney's fees).

Next, the Court turns to the plain language of Rule 37(a)(5)—given that's the stated basis for Plaintiff Booker's objection. *See* **Doc. 289 at 15**. Subsection (A) of that Rule states: "[T]he court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, ***including attorney's fees***." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Of particular note, protective orders under Rule 26(c) direct back to Rule 37(a)(5).

Finally, under Federal Rule of Civil Procedure 72(a), when a party objects to a Magistrate Judge's ruling on non-dispositive matters, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Birch v. Polaris Indus.*, 812 F.3d 1238, 1246 (10th Cir. 2015). "The burden of proving that the [Magistrate Judge's] discovery ruling is clearly erroneous or contrary to law is a heavy one . . . ." *Gray v. Acadia Healthcare Co.*, No. 19-cv-338, 2020 U.S. Dist. LEXIS 254486, at *4 (E.D. Okla. Oct. 1, 2020) (Heil, J.) (citation omitted). Under this standard, the district court "must affirm a magistrate judge's order unless a review of the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Kaeckell*, 2019 U.S. Dist. LEXIS 207907, at *3 (D. Kan. Dec. 3, 2019) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). A district court may not reverse a Magistrate Judge's ruling simply because the Court would have decided the matter differently. *See Uhlig LLC v. CoreLogic, Inc.*, No. 21-cv-2543, 2023 U.S. Dist. LEXIS 111854, at *24 (D. Kan. June 28, 2023) (citation omitted). In other words, this Court can only set aside a Magistrate Judge's ruling if the Court finds that the challenged Order is: (1)

3

"clearly erroneous," meaning that after reviewing all the evidence, this Court "is left with the definite and firm conviction that a mistake has been committed," or (2) "contrary to law," which means the Magistrate Judge "applied the wrong legal standard or applied the appropriate legal standard incorrectly." *Residences at Olde Town Square Ass'n v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (citations omitted).

## DISCUSSION

Plaintiff argues that the Order is contrary to law because the Magistrate Judge applied the wrong standard. *See* **Doc. 289 at 15–16**.[5] This Court disagrees.

Rule 37(a)(5)(A) authorizes the payment of expenses and attorney's fees resultant from protective orders. *See Showmaker v. Taos Ski Valley*, No. 20-cv-447, 2021 U.S. Dist. LEXIS 223841, at *4 (D.N.M. Nov. 18, 2021) (Johnson, C.J.) (explaining Rule 37(a)(5) permits attorney's fees related to discovery); *cf. Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (noting that Rule 37(a) "govern[s] fee awards associated with motions for protective orders). And Rule 37(b) permits a court to sanction a party who "fails to obey an order to provide or permit discovery." *Procter & Gamble v. Haugen*, 427 F.3d 727, 737 (10th Cir. 2005).

Here, Magistrate Judge Sweazea awarded PAM Transport "*all* attorneys' fees and costs associated with the instant Motion." **Doc. 280 at 12**. Importantly, PAM Transport's Motion (**Doc. 211**) sought a protective order. Rule 26(c) governs protective orders. And subsection (3) directs

---

[5] The only issue for this Court to resolve is the remaining justiciable objection in **Doc. 289**. Although the Court required the parties to brief whether the other five objections were moot, the Court did not request or authorize the parties to make new arguments. *See* **Doc. 315 at 2** (ordering additional briefing to "answer[] the above questions."). Both Booker and PAM Transport filed timely briefs, as instructed. *See* **Docs. 319 & 320**. Booker also filed a Reply (**Doc. 321**). But this Court did not ask for a Reply.

As always, the Court treats the new arguments raised for the first time in a Reply (**Doc. 321**) as waived. *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) ("A party waives issues and arguments raised for the first time in a reply brief.") (cleaned up). Moreover, Booker's additional substantive briefing is untimely under Rule 72(a). His objections were due within 14 days of the entry of the Magistrate Judge's Order. Booker's timely objection is contained in **Doc. 289**—not **Doc. 321**.

the awarding of expenses to Rule 37(a)(5). *See* Fed. R. Civ. P. 26(c)(3). There can be no doubt, then, that the citation to—and reliance on—Rule 37(a)(5) was proper.

But even if Rule 37(a)(5) does not authorize attorney's fees for requesting a protective order, Magistrate Judge Sweazea also relied on the court's "inherent power" to "sanction[] a party for misconduct in discovery." **Doc. 280 at 12**. There can be no disputing the notion that the courts possess the inherent authority to award fees and costs as a sanction. *See Sally Beauty Co. v. Beautyco, Inc.*, 372 F.3d 1186, 1189 (10th Cir. 2004).

Accordingly, the Court overrules Booker's objection.

## CONCLUSION

Based upon a review of the record, this Court cannot help but conclude Magistrate Judge Sweazea's Order was **not** "clearly erroneous or contrary to law." This Court's Memorandum Opinion and Order resolves the issue in the same way, and for substantially the reasons, set forth in the Magistrate Judge's Order.  Finally, counsel for Booker should take note that future discovery abuses are not going to be taken lightly by the Court.

**IT IS THEREFORE ORDERED** that Booker's Objection (**Doc. 289**) is **OVERRULED**; Magistrate Judge Sweazea's Order (**Doc. 280**) is **AFFIRMED**; and PAM Transport is awarded attorney's fees as ordered by Judge Sweazea.

/s/

_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE